LOUIS MEESEL *vs.* LYNN & BOSTON RAILROAD COMPANY.

The court cannot say, on a bill of exceptions, that riding upon the outside platform of a horse
railroad car is such a want of ordinary care as to prevent a recovery for an injury sus-
tained by being thrown therefrom.

TORT to recover damages for an injury sustained by being
thrown from a car of the defendants.

At the trial in the superior court, before *Putnam*, J., it ap-
peared that the defendants were a corporation authorized to run
cars drawn by horses over a street railway from Boston to Lynn.
The evidence tended to show that the plaintiff was a passenger
having paid his fare, upon one of the cars, which was con-
structed in the usual manner, with a door and platform at each
end; that the car was full, and he was told by the conductor
to go upon the front platform with the driver, which he did;
that five or six other persons were upon that platform; that the
plaintiff was holding on to some small irons placed across the
windows for their protection; and that, in turning a corner from
one street to another, the horses were driven at an unsafe rate
of speed, and the wheels left the track, and were thrown back
upon it with a violent jerk by coming into contact with a side
track, and the plaintiff was thrown from the car, and received
the injury complained of. There was upon the car an iron rail,
running up the side and across the front of the car, for the pur-
pose of assisting passengers in getting in and out. There was
no notice forbidding passengers to ride upon the platform, and
the defendants were in the constant habit of permitting persons
to ride there, for pay, without objection. The defendants re-
quested the court to instruct the jury that upon this evidence
the plaintiff was not in the exercise of such care as would enti-
tle him to recover; that if he chose to ride upon the platform,
under the circumstances stated, he rode there at his own risk;

and that, as a matter of law, he was not entitled to recover. The judge declined so to rule, but submitted the case to the jury, upon the whole evidence, under instructions which were not excepted to.

The jury found for the plaintiff, and assessed the damages at $3500. To the above refusal the defendants alleged exceptions.

*J. G. Abbott & D. Peabody,* for the defendants.

*G. A. Somerby,* for the plaintiff.

CHAPMAN, J. Upon the evidence which is reported, the defendants requested the court to rule, as matter of law, that the plaintiff was not in the exercise of such care as would entitle him to recover. The court refused to make such ruling, but submitted the case to the jury ; and to this refusal the defendants except.

There are cases in which the plaintiff's evidence is held to be insufficient in law to establish the fact that he exercised ordinary care ; and in such cases the court rule upon it, as matter of law, without submitting it to the jury.

In *Gavett* v. *Manchester & Lawrence Railroad Co.* 16 Gray, , this course was adopted. The plaintiff was a passenger upon a train drawn by a locomotive engine. He went out upon the platform, and attempted to leave the car while the train was in motion. There being no dispute in respect to these facts, the court held that his conduct was careless. In *Todd* v. *Old Colony & Fall River Railroad,* 3 Allen, 18, and 7 Allen, 207, the plaintiff was riding in a car, which belonged to a train drawn by a locomotive. He sat upon a seat near an open window, with his elbow resting upon its base, but projecting beyond its external surface. As the train was in motion, the part of his arm which projected beyond the window was struck by a substance which was outside the car. It was held to be careless to place his arm in such a position. In *Gahagan* v. *Boston & Lowell Railroad,* 1 Allen, 187, the plaintiff attempted to cross a freight train drawn by a locomotive engine, while it was in motion, by passing between two of the cars, and this was held to be a careless act. The same doctrine was decided in *Lucas* v. *New Bedford & Taunton Railroad,* 6 Gray, 64. In all these cases the

principle decided was, that the evidence was insufficient in law to prove that the plaintiff exercised ordinary care.

It is true that these decisions involve the consideration of facts as to which no evidence was offered. But they were well known facts in respect to the power, speed and management of railroad trains. The rule of law on this subject is well stated in 1 Greenl. Ev. § 6, as follows : " Courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction." In the cases above cited, it ought to be known by all persons who have anything to do with railroad trains that it is hazardous and inconsistent with the exercise of ordinary care to leave the seats provided for passengers and stand upon the platform or attempt to leave the train while it is in motion, or to sit with an elbow projecting beyond the external surface of a window, or to cross a moving train by passing between the cars.

But in respect to the facts stated in this report there is no such general knowledge as enables the court to say that the plaintiff did not use due care. On the contrary, it is well known that the highest speed of a horse railroad car is very moderate, and the driver easily controls it, and stops the car by means of his voice, his reins and his brake. In turning around an angle from one street to another, passengers are not required to expect that he will drive at a rapid rate ; but on the contrary might reasonably expect a careful driver to slacken his speed. The seats inside the car are not the only places where the managers of the train expect passengers to remain ; but it is notorious that they stop habitually to receive passengers to stand inside till the car is full, and then to stand upon the platforms till they are full, and continue to stop and receive them even after there. is no place for them to stand except on the steps of the platforms. Neither the officers of these corporations nor the managers of the cars nor the travelling public seem to regard this practice as hazardous, nor does experience thus far seem to require that it should be restrained, upon the ground of its dan ger. There is, therefore, no basis upon which the court can decide upon the evidence reported, that the plaintiff did not use

ordinary care. It was a proper case to be submitted to the jury upon the special circumstances which appeared in evidence, as was done in *Spofford* v. *Harlow*, 3 Allen, 176.

*Exceptions overruled.*