Jennie Twomley, Respondent, *v.* The Central Park North and East River Railroad Company, Appellant.

Where one is placed by the negligent acts of another in such a position that he is compelled to choose upon the instant, and in the face of apparently grave and impending peril, between two hazards, and he makes such a choice as a person of ordinary prudence placed in the same situation might make, and injury results therefrom, the fact that if he had chosen the other hazard he would have escaped injury does not prove contributory negligence.

Plaintiff was a passenger in one of defendant's horse cars, the driver recklessly and carelessly drove the car upon the tracks of the N. Y. C. & H. R. R. R. Co., directly in front of an approaching express train; all of the passengers in the car, with one exception, on perceiving the danger rushed to the doors of the car and jumped off, plaintiff in so doing fell and was injured. The driver succeeded in getting the car across the track just in time to escape the train, the engineer thereon having reversed his engine and put on the brakes. In an action to recover damages *held,* that the case was properly submitted to the jury and a verdict in plaintiff's favor was justified.

Also *held,* that evidence of the action of the other passengers was competent as part of the *res gestae,* and as evidence of what was deemed prudent by others in the same situation.

(Argued March 19, 1877; decided March 27, 1877.)

Appeal from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been sustained through the negligence of defendant.

The facts, as shown by plaintiff's evidence, were in substance these: On the 24th October, 1870, plaintiff took passage on one of defendant's horse cars in the city of New York. The track of defendant's road crosses the tracks of the New York Central & Hudson River Railroad Company near the Grand Central depot in said city. Just as the car reached a track upon which an express train was approaching the driver stopped to allow a passenger to alight. If he

had remained stationary the train could have passed, but instead thereof he whipped up his horses and the car was drawn upon the track in front of the train. The engineer upon seeing the obstruction reversed his engine and put on the brakes. All of the passengers in the car, with one exception, on perceiving the danger rushed out and jumped from the car, plaintiff in doing so fell and was seriously injured. The evidence as to the action of the other passengers was received under objection and exception. The car passed over the track just in time to escape the engine.

Defendant's counsel moved for a nonsuit and for a dismissal of the complaint, which was denied.

*Robert S. Green*, for the appellant. Evidence of the action of the other passengers was improperly received. (*Filer* v. *N. Y. C. R. R. Co.*, 59 N. Y., 351; *Buel* v. *N. Y. C. R. R. Co.*, 31 id., 314.) The injury being the result of plaintiff's act, she cannot recover. (*Jones* v. *Boyce*, 1 Starkie, 189; *Stokes* v. *Saltonstall*, 13 Pet., 181; *Buel* v. *N. Y. C. R. R. Co.*, 31 N. Y., 318; *McKinney* v. *Neal*, 1 McL. C. C., 540; *Ingalls* v. *Bills*, 9 Metc., 1; *Tooney* v. *R. Co.*, 8 C. B. N. S., 146; *Cotton* v. *Wood*, 8 id., 568; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y., 356.)

*Dexter A. Hawkins*, for the respondent. Plaintiff having been injured through defendant's negligence, she is entitled to recover. (*Christee* v. *Greggs*, 2 Camb., 79; 2 Kent's Com., 600, 601; *Jones* v. *Boyce*, 1 Stark., 493; *Coulter* v. *Am. Mer. Un. Ex. Co.*, 5 Lans., 67; *Buel* v. *N. Y. C. R. R. Co.*, 31 N. Y., 314.) Plaintiff was not guilty of contributory negligence. (*Jones* v. *Boyce*, 1 Stark., 493; 31 N. Y., 318, 319; 5 Lans., 67; 56 N. Y., 587; *Wilds* v. *H. R. R, R. Co.*, 23 Barb., 507; 13 Pet., 181; *Eldridge* v. *L. I R. R. Co.*, 1 Sand., 89; 9 Metc., 1; *Gal. R. R. Co.* v. *Yarwood*, 15 Ill., 468; *S. W. R. R. Co.* v. *Paust*, 24 Ga., 356; *Eckert* v. *L. I. R. R. Co.*, 57 Barb., 560; 43 N. Y., 505; 49 id., 51.)

Allen, J. The question in this case was one of fact, depending upon conflicting evidence, and deductions to be drawn from the facts as they should be determined from the evidence. That question was determined adversely to the defendant. The jury have found that the plaintiff was placed by the reckless or careless act of the servants and agents of the defendant, in such a position as compelled her to choose upon the instant, and in the face of an apparently great and impending peril, between two hazards, a dangerous leap from the moving car, or to remain in the car at certain peril. They have also found that her action was such as might have been taken by any one of ordinary prudence, placed in the same situation, and was not the result of an unreasonable alarm, and that the injury was the result of such enforced action. The verdict was that the misconduct of the persons in charge of the car was the proximate cause of the injury, without concurrent negligence on the part of the plaintiff. The peril of remaining in the car was properly judged by the circumstances as they then appeared to the passengers, and not by the result. The fact that the car did pass over safely cannot reflect upon the action of the plaintiff, and does not prove that she was imprudent or negligent in jumping from the car ; she was compelled to act, and chose the hazard which appeared to be the least, that is, to act upon the probabilities as they appeared at the time.

The liability of the defendant, upon the facts, is well established by authority. (*Jones* v. *Boyce*, 1 Stark., 493 ; *Stokes* v. *Saltonstall*, 13 Peters, 181 ; *Buel* v. *The N. Y. C. R. R. Co.*, 31 N. Y. 314 ; *Filer* v. *Same deft.* 49 id. 47.) The evidence in the case is fully reviewed by Ch. J. Daly, in his opinion, and it is made very plain that a case was made for the jury and that a nonsuit would have been improper. The question was very fairly submitted to the jury in a charge that could not have been mistaken, and the whole case was given to the jury with proper instructions as to the law. The charge is not subject to criticism as taking any question of fact from the jury, and the requests to charge so far as was

proper were complied with. The evidence objected to was admissible. The evidence of the aunt of the plaintiff of the condition of the plaintiff was not objected to on the ground that the witness was incompetent, which was the position taken in this court; the fact proved was material, and the witness was abundantly corroborated, and the same fact proved by the testimony of the surgeons, to which no objection was taken.

Evidence of the action of the other passengers was competent as a part of the *res gestæ*, and also as evidence of what was deemed prudent by those in the same situation, having an interest to take the least and avoid the greater hazard.

The only question was one of fact, and the judgment must be affirmed,

All concur.

Judgment affirmed.