## SUSAN H. SHANNON

*vs.*

## BOSTON AND ALBANY RAILROAD COMPANY.

York. Opinion December 22, 1885.

*Railroads. Negligence. Contributory negligence. Jumping from a moving train.*

A person waiting at a railroad station for passage upon a train soon to depart, who is invited by the ticket agent to sit in an empty car standing on

the side track while the station room was being cleaned, is entitled to the same protection from the company while in the car as if in the regular waiting room; in either place the person is a passenger in the care of the company.

For a passenger to jump upon or off of a moving train is *prima facie* negligence; if injured thereby, it is incumbent on him, in an action against the railroad, to prove a reasonable excuse for the act.

Whether a passenger had or not a reasonable excuse for jumping upon or off of a moving train is usually a question for the jury; an extreme case either way may be determined by the court. Fear of personal danger is not the only excuse that will exonerate one in jumping from a moving train. A passenger may in some cases be justified in alighting from a moving train merely to save himself from serious inconvenience; all depends upon the speed of the train and the attendant circumstances.

Three ladies, while waiting for the train to start in which they were to take passage, were invited by the station agent to sit in an empty car on a side track while the waiting room was being cleaned, he assuring them that the car would remain there; without signal or notice of any kind, the train to which the car was attached began to be moved out by an engine, without conductor or brakeman on board; startled by the sudden and unexpected movement, and alarmed lest they might be carried away from their intended destination, they hurried to the rear of the car and jumped out, while the train was still abreast of the platform and apparently moving slowly; one of them became injured by jumping; she obtained a verdict against the company; and the court determined that the verdict was not so far amiss on those facts as to require it to be set aside.

On exceptions and motion to set aside the verdict.

Action to recover for personal injuries received in alighting from a moving train at the Columbus Avenue Station in Boston, July 14, 1882.

The verdict was for the plaintiff in the sum of three thousand ninety-one dollars and sixty-six cents.

The opinion states the material facts.

*Edwin B. Smith*, and *Addison E. Haley*, for the plaintiff. Mrs. Shannon was a passenger. *Warren* v. *Fitch. R. R. Co.* 8 Allen, 232; *Snow* v. *Same*, 136 Mass. 552; *Gordon* v. *Railroad*, 40 Barb. 546; *Cent. Railroad* v. *Perry*, 58 Ga. 467, § 2; *Allender* v. *Railroad*, 37 Iowa, 264; S. C. 43 Iowa, 277; *B. & O.* v. *Mahone*, 19 Reporter, 757; *Cleveland* v. *N. J. Stm.* 68 N. Y. 306; *Klein* v. *Jewett*, 26 N. J. Eq. 474; *Pineo* v. *N. Y. Cent.* 34 Hun. 80; *Bridges* v. *No. Lond. R'y*, 7 Eng. & Ir. App. 213; *Armstrong* v. *N. Y. Cent.* 66 Barb. 437; *Van*

*Ostrand* v. *same*, 42 Hun. 592 ; *Watkins* v. *Railroad*, 37 L. J. (N. S.) 195 ; *Doss* v. *Railroad*, 59 Mo. 27 ; *Barrett* v. *Black*, 56 Maine, 505 ; *Carlton* v. *Fran. I. Co.* 99 Mass. 216 ; *Hoffman* v. *N. Y. Cent.* 13 Hun. 589 ; *Poucher* v. *N. Y. Cent.* 49 N. Y. 263 ; *Railway* v. *Slattery*, 3 Ap. Cas. 1155 (24 Moak Eng. R. 713) ; *Tobin* v. *P. S. & P.* 59 Maine, 183 ; *Campbell* v. *Portland Sug. Company* 62 Maine, 562 ; *Wilton* v. *Railroad*, 107 Mass. 108 ; *Day* v. *Brooklyn Railroad*, 12 Hun. 439 ; *Brown* v. *Minn. & St. L.* 31 Minn. 554 ; *P. & R. Railroad* v. *Derby*, 14 How. 485 ; *Bennett* v. *Railroad*, 102 U. S. 580 ; *Carpenter* v. *B. & A.* 97 N. Y. 498 ; *Mulhado* v. *Brooklyn, R. R.* 30 N. Y. 370 ; *Newson* v. *New York Cent.* 29 N. Y. 389 ; *Pool* v. *C. M. & St. P.* 56 Wis. 232 ; Whart. Neg. § § 375, 377, 378, 380, 381, and cases cited.

The plaintiff was not chargeable with contributory negligence. *Shrewsbury* v. *Smith*, 12 Cush. 177 ; *Shaw* v. *B. & W.* 8 Gray, 79 ; *Holly* v. *Gas Co.* 8 Gray, 131 ; *O'Brien* v. *McGlinchy*, 68 Maine, 558 ; *McIntyre* v. *N. Y. Cent.* 37 N. Y. 293 ; *Snow* v. *Houst. Railroad*, 8 Allen, 449 ; *Ernst* v. *H. Riv. Railroad*, 32 How. Pr. 78 ; *Harris* v. *Un. Pac.* 13 Fed. Rep. 592 ; *Patrick* v. *Pote*, 117 Mass. 301 ; *Larrabee* v. *Sewall*, 66 Maine, 380 ; *Hobbs* v. *E. R. R.* 66 Maine, 575 ; *Gaynor* v. *Old Col.* 100 Mass. 212 ; *Whitney* v. *Cumb.* 64 Maine, 541 ; *Ross* v. *B. & W.* 6 Allen, 92 ; *Lawless* v. *Ct. Railroad*, 136 Mass. 5 ; *Barton* v. *Springfield*, 110 Mass. 132 ; *Clayards* v. *Dethick*, 12 Q. B. (Ad. & El. N. S.) *439 ; *Plummer* v. *Railroad*, 73 Maine, 593 ; *Filer* v. *N. Y. Cent.* 49 N. Y. 47 ; Sh. & Red. Neg. § 31, 282 ; *Thomas* v. *West Un.* 100 Mass. 156 ; *Chaffee* v. *B. & L. Railroad*, 104 Mass. 108 ; Hutchinson Carriers, § § 641–644 ; *Johnson* v. *Railroad*, 70 Pa. St. 357 ; *Delamatyr* v. *Milw. Railroad*, 24 Wis. 586 ; *Railroad* v. *Stout.* 17 Wall. 663 ; *Penn. Railroad* v. *Kilgore*, 32 Pa. St. 292 ; *Nichols* v. *R'y Co.* 38 N. Y. 131 ; *Curtis* v. *Detroit & M. R. R.* 27 Wis. 158 ; *Railroad* v. *Baddely*, 54 Ill. 20 ; *Jeff. Railroad* v. *Hendricks*, 41 Ind. 65 ; *Taber* v. *Del. & Lac.* 71 N. Y. 489 ; *Brooks* v. *B. & M. Railroad*, 135 Mass. 21 ; *O'Conner* v. *B. & L. R. R.* 135 Mass. 353 ; *Galv.*

*Railroad* v. *Smith*, 59 Texas, 285 ; *Tex. Pac.* v. *Garcia*, 62 Texas, 285 ; *McDonough* v. *Metrop.* 137 Mass. 212 ; *Cumb. Val.* v. *Maugans*, 61 Md. 61 ; *Abbey* v. *N. Y. Cent.* 20 Week. Dig. 37 ; *Loyd* v. *Railroad*, 53 Mo. 509 ; *Kellogg* v. *Curtis*, 65 Maine, 59 ; *Beers* v. *Railroad*, 19 Conn. 566 ; *Stevenson* v. *Ch. & Alt.* 18 Fed. R. 634 ; *Collins* v. *Davidson*, 19 Fed. R. 86 ; *Walter* v. *C. D. & M.* 39 Iowa, 33 ; *Wilkinson* v. *Drew*, 75 Maine, 362 ; *Lindsay* v. *Chi. Railroad*, 31 Alb. L. J. 18 ; *Swigert* v. *H. & St. J.* 75 Mo. 475 (9 Am. & Eng. R. R. Cas. 322) ; *Flint, &c. Railroad* v. *Stark*, 38 Mich. 714 ; *Price* v. *St. Louis*, 72 Mo. 414 ; *Straus* v. *Railroad*, 75 Mo. 185 ; *Clotworthy* v. *R. R.* 80 Mo. 223 ; *Harvey* v. *Eastern*, 116 Mass. 270 ; *Hickey* v. *B. & L. R. R.* 14 Allen, 433 ; *Caswell* v. *B. & W.* 98 Mass. 204 ; *Worthen* v. *G. T. R'y*, 125 Mass. 99 ; *Roll* v. *No. Cent.* 15 Hun. 502 ; *Stokes* v. *Saltonstall*, 13 Pet. 181 ; *Adams* v. *L. & Y. R'y Co.* L. R. 4 C. P. 744 ; *Gee* v. *Met. R'y Co.* L. R. 8 Q. B. 173 ; *Robson* v. *N. E. R'y Co.* L. R. 10 Q. B. 271 ; *Backus* v. *Start*, 13 Fed. Rep. 71 ; *Mackay* v. *N. Y. Cent.* 35 N. Y. 80 ; *Johnson* v. *Railroad*, 70 Pa. St. 365.

*W. F. Lunt*, for the defendant.

"The company have no control over a passenger's movements, and the passenger does not, by the purchase of a ticket put himself under their charge."

In entering the car, from which she afterwards jumped, the plaintiff voluntarily took a position exposed to just the movement she encountered.

In *Sweeny* v. *Old Colony & Newport R.* 10 Allen, 368, the court say of passengers :

"If they voluntarily take exposed positions, with no occasion therefor, nor inducement thereto, caused by the managers of the road, except a bare license by non-interference, or express permission of the conductor, they take the special risk of that position upon themselves." See also *Hickey* v. *B. & L. R.* 14 Allen, 433 ; *Abend* v. *Terre Haute, &c. R. Co.* 19 Cent. L. J. 350.

The judge ought to have instructed the jury as requested, that if the plaintiff would have been safe if she had not jumped from

the car, her act of jumping, by which she received injury, is evidence that she acted rashly. *Nelson* v. *North Pac. R.* 26 Minn. 78.

But even when in peril of injury, a passenger is only justified in jumping, if an ordinarily prudent person would have. *Card* v. *Ellsworth*, 65 Maine, 547 ; *G. & Rh. Railroad* v. *Fay*, 16 Ill. 558 ; *Stokes* v. *Saltonstall*, 13 Peters, (U. S. S. C.) 181 ; *Ingalls* v. *Bills*, 9 Met. 1 ; 24 Ga. 356 ; *Jones* v. *Bryce*, 1 Stark. 402 ; 36 Ohio St. 418.

Where there is a prospect of collision, a passenger jumping from train may be in the exercise of due care. *Buel* v. *N. Y. Cent.* 31 N. Y. 314.

The plaintiff was not put to an election in choosing a course to avoid personal hurt. If she had remained quietly in the car she would have received no injury, she was there safe. This fact, is evidence that she acted rashly. Wharton on Neg. sec. 427 and note 1 ; *Brown* v. *E. & N. A. R.* 58 Maine, 384.

The ground of the plaintiff's fear as shown by the evidence, was not based upon any apprehension of personal hurt. In her mind it was simply the anticipation of delay and inconvenience. It may be said that such action on her part was perfectly natural, but the reply is that, there are many things natural for man to do, which he is not authorized or justified by law in doing.

" Where a passenger voluntarily leaves a train of cars while in motion, simply to avoid being carried beyond the station where he desires to stop, and in doing so receives an injury, his own negligence is the proximate cause of the injury, and he cannot recover of the company though the conductor was in fault in not stopping the train." *Jeffersonville Railroad Co.* v. *Hendricks*, 26 Ind. 228 ; *same* v. *Swift*, *ib.* 459 ; *Evansville & Railroad Co.* v. *Duncan*, 28 *ib.* 441 ; *Damont* v. *N. O. & C. Co.* 9 La. Ann. 441 ; *Railroad Co.* v. *Aspell*, 23 Pa. St. 147 ; *Morrison* v. *Erie Railroad Co.* 56 N. Y. 302 ; *Ill. Railroad Co.* v. *Slatton*, 54 Ill. 139 ; *Gavett* v. *M. & L. Railroad Co.* 16 Gray, 501 ; *Lucas* v. *New Bedf. & T. R.* 6 Gray, 64 ; see also *Burrows* v. *Erie Ry.* 63 N. Y. 556 ; 57 Texas, 83 ; *Harvey* v. *Eastern Railroad*, 116 Mass. 269 ; *Brooks* v. *B. &*

*M. Railroad*, 135 Mass. 21; *Commonwealth* v. *B. & M. Railroad*, 129 Mass. 500; *Detroit & Milwaukee Ry. Co.* v. *Van Steinburg*, 17 Mich. 99, 120; and cases cited.

There was in this case, no evidence of such wrong on the part of the defendant as to put the plaintiff in fear of bodily injury, and drive her to an election, or choice between perils.

Crossing a railroad track without looking and listening for an approaching train is *prima facie* negligence, so this court recently held in *State* v. *Me. Cent. Railroad*, 76 Maine, 365; 114 U. S. 615; *Wright* v. *Malden & R. Co.* 4 Allen, 289.

"Where a person walks upon a railroad track, without precautions against the approach of trains, it is *per se* negligence." *Herring* v. *Wilmington R. Co.* 10 Ired. L. 402; *Harty* v. *Central Railroad Co.* 42 N. Y. 468; *Terre Haute, etc. R. Co.* v. *Graham*, 46 Ind. 239; *Holmes* v. *Cent. R. Co.* 37 Ga. 593; *Maher* v. *Atlantic, etc. R. Co.* 14 Mo. 267; *Cogswell* v. *Oregon, etc. R. Co.* 6 Or. 417; *Illinois, etc. R. Co.* v. *Modglin*, 85 Ill. 481, and numerous other cases.

So crawling under a car, stopped temporarily upon the track. *Ostertay* v. *Pacific R. Co.* 64 Mo. 421; *Central, etc. R. Co.* v. *Dixon*, 42 Ga. 327; *Chicago R. Co.* v. *Dewey*, 26 Ill. 255; *McMahon* v. *Northern R. Co.* 39 Md. 438.

Riding with a portion of the body protruding from the car windows *per se* negligence. *Todd* v. *Old Colony R. Co. ib.*; *Pittsburg R. Co.* v. *Andrews*, 39 Md. 329; *Indianapolis R. Co.* v. *Rutherford*, 29 Ind. 82; *Morel* v. *Mississippi Ins. Co.* 4 Bush. 535; *Pittsburg Ins. Co.* v. *McClurg*, 56 Pa. St. 294: *Louisville R. Co.* v. *Sickings*, 5 Bush, 1; *Holbrook* v. *Utica R. Co.* 12 N. Y. 236, enough to justify a non-suit.

Courts in other states have held that leaping from a train knowing it to be in motion, is *per se* negligence. See cases cited.

And to go between unshackled cars, where a train is being made up, held negligence *per se*, 1 Allen, 190.

What is the logic, where the sound reason, that authorizes the court to say that crossing a track without looking and listening is negligence, yet will prevent it from saying, that jumping from

a quickly moving train is negligence? Common knowledge shows it to be a hazardous act.

PETERS, C. J. The most important facts of the case are these : "The plaintiff was at the defendants' station on Columbus Avenue in Boston, with a ticket which entitled her to a passage from that place to Wellesley Hills, another station on their road. She had to wait some time for an expected train. While she and two other ladies, strangers to her, were seated in the waiting room, some persons came in to clean the room. The three ladies applied to the ticket agent for leave to sit in his office, a separate apartment, which was not granted because that room was also to be cleaned. Leave was then asked,— it was in July,— to take seats upon the platform, and that was denied as being against the rules of the road. The agent said, "you can go into those empty cars" — cars standing beside the platform — adding the remark that the cars would remain there and they could wait in them. Thereupon they seated themselves in the rear car. They had not been there long, when without any previous signal or notice the train began to be moved by an engine out of the station. Startled by the sudden and unexpected movement, the occupants hurridly passed to the rear of the car and jumped to the platform, the plaintiff receiving an injury thereby. Upon these and other less important facts, by means of motion and exceptions, several questions are presented.

It is contended that the judge erred in instructing the jury that the plaintiff was under the protection of the road as a passenger while she was in the car ; it is admitted that she was a passenger before she entered and after she left the car. The position of the defendants is that she was in the car at her own risk — that the relation of carrier and passenger was terminated or suspended while she was in the car, just as much so as if she had gone entirely out of and away from the station for the time being. Much stress is placed upon the alleged fact, that the three ladies were permitted to go into the car, but were not required or directed to do so. That is not our view of the affair. Nor do we think that the authorities cited for the defendants, bear out their position.

It may be, that a person waiting at a station would not be in the condition of a passenger, while wandering about the yard or entering cars for purposes disconnected with the act of traveling, although his conduct in that respect is not objected to by the agents of the road. He is acting on his own responsibility for the time. That is not this case. Here the agent apprised the · plaintiff that she could sit in the car as a substitute for a waiting room. It was more than a mere toleration of the act — a passive permission to enter the car — it was a positive invitation to do so.

It is contended in behalf of the defendants that, upon other grounds it should have been ruled, as a matter of law, that the plaintiff cannot recover. First, because it is an imperative rule that a person cannot recover for an injury caused by jumping from a moving train, unless the act be done through fear of an impending danger. Secondly, because, even if the rule is more comprehensive than that, there is not in the evidence sufficient excuse for the plaintiff's act to allow the question to be submitted to a jury.

There cannot be a doubt, that, generally speaking, a passenger is not justified in getting upon or off of a moving train; unless at his own risk. If all you know of it is that a passenger jumps from a train in motion and is injured, you would charge him with carelessness for the act. The act is, *prima facie*, negligence. But the question, whether the case belongs to the court or jury for decision, arises when the excuse offered for the act is considered. And there can be no imperative rule governing that question, unless the defendants be right in their contention that fear of personal danger is the only excuse for jumping from a moving train; and in that position we do not concur with the defendants.

There is a good deal of well considered authority which exonerates a passenger from blame, who, being suddenly put into a condition of nervous excitement and alarm by the fault of the railroad, under the impulse of the moment jumps from a moving train before it has attained much speed, although the passenger's motive in doing so is merely to save himself from

serious inconvenience.     Whether a justification exists or not must depend upon the speed of the train and other circumstances. One test, among others, would be whether the passenger did what careful and experienced persons generally would be likely to do in similar circumstances.     Whar. Neg. § 377, and cases in note; *Robson* v. *Railroad*, L. R. 10 Q. B. 271; *Adams* v. *Railroad*, L. R. 4 C. P. 744; *Filer* v. *Railroad*, 49 N. Y. 47; S. C. 59 N. Y. 351, and 68 N. Y. 124; *Johnson* v. *Railroad*, 70 Penn. St. 365; *Delamatyr* v. *Railroad*, 24. Wis. 586.

As already intimated, the burden is on the plaintiff to prove that she was not guilty of contributory negligence; that is, that she had good excuse for her act.     The same evidence which describes the occurrence may be proof enough upon the point; but if not, other proof must be adduced.     If the excuse set up be plainly insufficient, the law disposes of the case.     If it be an extreme case — a clear case either way — the law determines the question, — because a court and jury should decide alike in such case.     But from the nature of things there can be no definite rule applicable to such a variety of facts as the cases are likely to present.     Therefore the usual practice is to submit the case to a jury under the guidance and with the aid of the court.     The rule that a person shall look and listen before crossing a track, relied upon by counsel as analogous, stands upon a different reason.     There can be but few exceptions on explanations under that rule.     Nor does it take a case from the jury because all of the evidence comes from the plaintiff's side. Even though the facts are undisputed, if they are of such a nature or pertain to such a matter that different minds might reasonably exercise different judgments upon them, the question to be decided belongs to the jury.     *Lesan* v. *Railroad*, 77 Maine, 85, 91.

Upon the facts, we do not think the verdict is so far amiss that we should be justified in setting it aside.     The case is exceptional — extraordinary.     The defendants' negligence is undoubted.     The plaintiff was greatly frightened in her dilemma caused by their fault.     The car began to move with neither conductor nor brakeman on the train to explain the movement.     It

could not be conjectured by the occupants where the train was going, and the case does not inform us where it went. The plaintiff's alarm was naturally increased by the prospect that her companions might get out and she be left. Her bundles had been thrown out. She saw the others land safely upon the platform, and it was their judgment that she could safely jump. They urged her to do so. She could have alighted safely probably had she observed how it should be done. The mistake was more in the manner of jumping than in the act itself. While we cannot know the exact rate of speed attained by the train, the cars were yet abreast of the platform, and were apparently moving slowly. Under all of these stimulations the attempt was made. The decision to jump or not had to be made almost in a twinkling. A person's judgment in such circumstances should not be too nicely criticized by those whose carelessness produced the predicament. We cannot measure the act wholly by its unexpected consequences.

The damages were assessed by the jury with rather a liberal hand, but not at such an extravagant amount as to justify us in granting another trial that they may be reduced.

*Motion and exceptions overruled.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.