.South Covington and Cincinnati Street Railway Company v. Ware.

CASE 39—PETITION ORDINARY—SEPTEMBER 25.

# South Covington and Cincinnati Street Railway Company v. Ware.

## APPEAL FROM KENTON CIRCUIT COURT.

| 84 | 267 |
| f122 | 232 |

| 84 | 267 |
| 127 | 557 |

| 84 | 267 |
| 137 | 745 |

1. THE FACT THAT ONE CONTRIBUTED TO A PERSONAL INJURY WHICH HE HAS RECEIVED, if he was not *in fault* in so doing, does not affect his right to recover damages therefor. One who, through the negligence or fault of another, is put in a position of immediate danger, is not bound to exercise all the prudence and care that ordinarily characterize the conduct of a prudent man. He has no right, however, upon the happening of some occurrence such as would not create fear or apprehension of injury in the mind of an ordinarily prudent and careful person, to bring injury upon himself, and then recover damages by reason of it.

  In this case the question was properly submitted to the jury whether, under the circumstances, the plaintiff acted rashly and under an undue apprehension of danger.

2. ONE MUST AVER SPECIAL DAMAGE in order to recover any money expended by him or debt created on account of a personal injury for which he seeks to recover damages.

3. EXCESSIVE VERDICT.—While the verdict of a jury should not be interfered with on the ground that it is excessive, unless it is flagrantly so, the court holds in this case that a verdict for $4,000 for a slight injury is flagrantly excessive and requires a reversal.

4. THE COURT DID NOT ASSUME NEGLIGENCE IN ITS INSTRUCTIONS TO THE JURY by telling them that if they believed the defendant "negligently" did certain things, and the plaintiff was injured thereby, they

must find for plaintiff. The omission of the word "negligently" would have assumed negligence.

### INSTRUCTIONS TO JURY.

So much of the first instruction, given at the instance of plaintiff (appellee), as is referred to in the opinion, is as follows: "If the jury believe from the evidence that the defendant, on or about the 4th day of February, 1884, negligently left the horses and brakes or either, of one of its street railway cars unattended, and that because thereof," etc.

The third instruction given at the instance of plaintiff (appellee) reads: "If, through the negligence of defendant, as set forth in the first foregoing instruction, the plaintiff was put in a position of apparent impending peril, as therein set forth, requiring immediate action on his part to escape therefrom, and through fright or bewilderment became incapable of choosing the safest course to pursue, and, in attempting to escape, placed himself in greater peril, and was thereby injured, he was not guilty of contributory negligence, and the jury should find for plaintiff as under the first or second foregoing instructions, notwithstanding plaintiff may not have pursued his safest course."

The fourth instruction given at the instance of defendant (appellant):

"If the jury shall believe from the evidence that the plaintiff acted under undue apprehension of danger in jumping from the car, and that the act was one which a reasonably prudent man would not have done under the circumstances, they should find for the defendant. Given in connection with No. 3, given for plaintiff."

Other instructions not referred to in the opinion were given.

J. C. BENTON FOR APPELLANT.

1. The court erred in assuming, in its instructions to the jury, that it was negligence to leave the brake unattended, instead of leaving it to the jury to determine, under all the circumstances, whether or not it was negligence.

2. It was error to instruct the jury that the plaintiff was not guilty of contributory negligence if, "through fright or bewilderment," he became incapable of choosing the safest course to pursue. The passenger who leaps from a vehicle in motion to avoid an accident must be under *reasonable* apprehension, and the act must be one which *a reasonable man, under similar circumstances*, might probably have done. (Shearman and Redfield on Negligence, sec. 282.)

3. The verdict is excessive, and for that reason a new trial should be awarded.

W. W. CLEARY, OF COUNSEL ON SAME SIDE.

South Covington and Cincinnati Street Railway Company v. Ware.

HALLAM & MYERS for appellee.

1. The instructions to the jury did not assume that it was negligence to leave the brake unattended; they merely left the jury to find whether the horses or brake were " negligently " left unattended.

2. The instruction as to contributory negligence given at appellee's instance was proper. When a man, through fright or bewilderment, becomes incapable of choosing the safest course, there is no possible standard of capability or prudence to apply to his conduct. ( Baltimore & Ohio R. R. Co. v. McKenzie, " The Reporter" of April 14, 1886; 16 Reporter, 211 ; 2 Thompson on Negligence, p. 1092, sec. 8; Shearman and Redfield on Negligence, sec. 28; Stokes v. Saltonstall, 13 Pet., 181; R. R. Co. v. Morris, 81 Gratt., 200.)

3. If appellee's instruction needed any qualification, it was sufficiently qualified by appellant's instruction telling the jury that if appellee acted under " undue " apprehension, and if the act of jumping was one which " a reasonably prudent man would not have done under the circumstances," they should find for defendant.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The right of a person to recover damages for a personal injury is not affected by his having contributed to it, unless he was in *fault* in so doing.    He may indeed not only contribute to it, but be the immediate cause of it, and yet recover.    Thus, if a passenger, under a reasonable apprehension that a collision or other accident is imminent, changes his position to one in fact more dangerous, or even leaps from the vehicle while in motion, yet he may recover damages if he be injured ; and this is true even though it may afterward appear that if he had sat still he would not have been injured.    One is not bound, under such circumstances, to exercise all the prudence and care that ordinarily characterizes the conduct of a prudent man.

Thompson on Negligence, vol. 2, page 1092, says: " If A, through his negligence or fault, put B in a position of immediate danger, real or apparent, and

B, through a sudden impulse of fear, makes a movement to escape the danger, and in doing so accidentally receives another and different injury from that threatened by the negligence of A, he may recover damages of A; for A's negligence or fault is the proximate cause of the injury. Thus, a coach suddenly breaks down, going at a moderate gait on a level road. A passenger seated upon the top, becoming alarmed, leaps to the ground and thereby sustains an injury. If he had have remained seated he would not have been injured. The breaking of the coach is the proximate cause of the injury, and if this happened through the negligence of the proprietor, he must pay damages, otherwise not. *A fortiori*, if the negligence of B compels A to adopt a particular course, which he would not have adopted but for such negligence, and in so acting with ordinary prudence A is injured, he may recover damages of B."

It is urged that when one is frightened by something resulting from the neglect of the carrier, he can not be charged with contributory neglect to any extent. He, however, must act upon a reasonable apprehension of peril. His conduct must conform to that of an ordinarily careful man under like circumstances. He has no right, upon the happening of some trivial occurrence, or such as would not create fear or apprehension of injury in the mind of an ordinarily prudent and careful person, to bring injury upon himself, and then recover damages by reason of it. (2 Rorer on Railroads, pp. 1092-3.)

This rule is sustained by both reason and precedent. The Supreme Court of the United States, in the case of Stokes v. Saltonstall, 13 Peters, 191, said:

South Covington and Cincinnati Street Railway Company v. Ware.

" But if the want of proper skill or care of the driver placed the passengers in a state of peril, and they had, at that time, a *reasonable* ground for supposing that the stage would upset, or that the driver was incapable of managing his horses, the plaintiff is entitled to recover, although the jury may believe, from the position in which the stage was placed by the negligence of the driver, the attempt of the plaintiff or his wife to escape may have increased the peril, or even caused the stage to upset; and although they may also find that the plaintiff and his wife would probably have sustained little or no injury if they had remained in the stage."

Mr. Pierce states the rule thus : "If, through the default of the company or of its servants, the passenger is placed in such a perilous condition as to render it an act of *reasonable* precaution for the purpose of self-preservation to leap from the cars, the company is responsible for the injury he receives thereby, although if he had remained in the cars he would not have been injured." (Pierce on American Railroad Law, 1st ed., page 475.)

The same doctrine is announced in his later edition (p. 329), although clothed in different language ; and also in the cases of Railroad v. Paulk, 24 Geo., 356 ; Railroad v. Morris, 31 Grattan, 200 ; Frink, &c., v. Potter, 17 Ill., 406.

The character of the impending danger, or at least its apparent character, is to be considered.

If one acts unreasonably rashly, or becomes frightened at a trivial occurrence, not calculated to alarm a reasonably prudent man, and thereby brings injury upon himself, there is no liability.

Thus, if one were to throw himself under the wheels of a stage, upon the happening of some circumstance not of a character to alarm a reasonably prudent man, its owner would not be liable.    The question must be submitted to the jury whether, under the circumstances, the party acted rashly and under an undue apprehension of danger.

We think this was done in this instance, when the third instruction given at the instance of the appellee and the fourth one of the appellant are considered together.   The law of the case would have been more succinctly stated, and less calculated to mislead the jury, if the two instructions had been blended in one; thus, if that given for the appellee had embraced the idea that the circumstances must have been such, or apparently such, as to induce a reasonably prudent man to do as the appellee did do, it would have correctly and fully presented the law of the case upon this point.

The first instruction given at the instance of the appellee does not assume, as the counsel for the appellant supposes, negligence upon the part of its agent.    It would have done so if the word "negligently," of the use of which he complains, had not been inserted.

The only remaining question is whether the finding is so excessive as to require a reversal.    Its consideration requires a brief statement of the facts of the case.

The appellee was a passenger upon a street car of the appellant, passing over the suspension bridge from Cincinnati to Covington.   The driver upon appellant's cars acts both as such and as conductor. It appears that he can reasonably do so, as he collects

the passenger fare while the car is making the ascent to the crown of the bridge, and then resumes his place at the reins and brake of his car. The appellee, owing to the car being crowded, was standing upon the rear platform of it, with one foot upon the step. It had passed the crown of the bridge, and was descending upon the Covington side. Just behind it was another car of the appellant, which had just turned the crown of the bridge, and as it did so, the driver of it was not upon the front platform at the brake with the reins in his hands, but inside of the car, presumably yet engaged in collecting the fare of the passengers. In conse- quence of this his horses started down the incline of the bridge, as some of the witnesses say, in a fast walk, but, as others testify, in a trot, and the latter are probably correct. The rear car approached so near to the front one, as the burden of the testimony shows, that the tongue was over the tail-board of the platform upon which the appellee was standing, and, as he tes- tifies, struck him in the breast. Whether it did strike him or not is quite doubtful from the testimony, but in any event he does not complain of any injury on this account. Alarmed by the proximity of the rear car, he either stepped or jumped off, and in doing so fell upon the bridge and fractured the fibula or small bone of the leg at the ankle, and rup- tured some of the ligaments. In consequence of this he was laid up for not over eight weeks, a physi- cian attending him at least a part of the time. The testimony introduced by himself shows clearly that the fracture has united perfectly, and will never trouble him, but that the ligaments have not healed entirely,

vol. 84—18.

but will not trouble him save in going up or down hill,. or when there is a change of weather, and then he will feel like one with a sprained ankle. This is all of it as shown by the entire testimony. The jury returned a verdict for four thousand dollars.

A long line of decisions have established the rule that the verdict of a jury should not be interfered with upon the ground that it is excessive, unless flagrantly so; and this court has the highest regard for the province of the jury; but is not this verdict open to this objection?

We doubt if a case can be found where a verdict for so large a sum has been sustained upon such circumstances as appear in this case, and where the injury was so slight.

It is noticeable that the petition does not aver any special damage. It only proceeds for the injury. The appellee could not, therefore, recover any money expended by him or debt created on account of it. (Newman's Pleading and Practice, p. 411.)

It is true that upon the trial he was allowed to prove, without objection, that while he was laid up a flood came in the Ohio river, by which he was damaged $3,000, and that he lost business by being confined on account of the injury. These losses were not, however, sued for; and while we can not reverse the judgment by reason of this testimony, as no objection was made to it, nor by reason of the probable fact that the verdict was based largely upon it, yet we may consider it in arriving at a correct conclusion of the question we are now considering.

The counsel for the appellee say: " The appellant, without objection or exception, or effort to rebut, ac--

cepted appellee's own testimony that his financial damage was $3,000, not including his unquestionable medical bill of $500. The verdict of $4,000, therefore, gives only $500 for the pain and the permanent injury, which certainly exists."

The "financial damage" and medical bill were not in question, however; the appellee neither asserted them or attempted it ; it was *probata* without *allegata;* he only proceeded for the injury. We must, therefore, assume that the entire sum found was for the injury ; and the verdict of course does not show otherwise.

It seems to us that it must strike every unprejudiced mind that the one is greatly disproportioned to the other. There were no circumstances of aggravation connected with the injury ; it was not the result of willful or intentional neglect, or such as flows from bad faith of a *quasi* criminal character.

The lasting effect of the injury is at most but slight, not interfering with the power of the appellee to earn a living or transact any business ; and upon a careful consideration of all the testimony and circumstances of the case, the verdict can but be regarded as so flagrantly excessive as to demand the interposition of an appellate tribunal.

Judgment reversed, and cause remanded, with directions to permit the appellee to plead any proper special damage, if he desires to do so, and for further proceedings in accordance with this opinion.