The opinion of the court was delivered by
McEnbry, J.
The plaintiff sued the defendant company for $5000' damages for personal injuries to his wife, alleged to have been received at Mitchell’s Mill, in Bossier parish, on July 4, 1892.
The petition alleges that the plaintiff “had alighted from the car, and Mrs. Odom, his said wife, was in the act of alighting therefrom; that when she had reached about the second or third step of defendant company’s ear, the said train, under the control and management of said company’s regular employés, gave a sudden and violent jerk and began to move off; that owing to said sudden jerk,. Emma L. Odom, one of your petitioners, with her infant child, whom she carried in her arms, were violently thrown from said car, her clothing was disarranged, her person exposed, and her body considerably bruised; that she received from said fall a hurt on her thigh which lasted for several days and gave her much pain; that in addition to this she received serious internal injuries from said fall, from the effects of which she has not fully recovered, and from, which she suffers and may suffer for an indefinite time; that the shock to her nervous system, resulting from the dangers to which her infant child and herself were exposed, was of such extent as to- *1203 render her unconscious for a few moments and to greatly impair her-health.”
The defendant’s answer is a general denial, and an averment of contributory negligence on the part of plaintiff.
The case was tried by a jury, and a verdict and judgment was rendered in favor of the plaintiff for $1000.
It is now well settled that contributory negligence on the part of' the plaintiff is a bar to a recovery, although the defendant be in fault. 18 L. 339; 9 An. 441; 28 An. 320; 30 An. 15; 31 An.' 490; 32' An. 615; 33 An. 154; 34 An. 1086; 39 An. 796; 41 An. 795; 42 An. 990; 43 An. 804; 44 An. 280.
And it is equally well established that when a passenger on a railroad train, in order to avoid being carried beyond his destination,, jumps from a moving train and sustains an injury, he can not recover. 9 An. 441; 41 An. 795; 43 An. 804.
It is therefore important to ascertain whether or not Mrs. Odom contributed to her own injury, and whether she voluntarily jumped from the train while in motion in order to avoid being taken beyond her destination.
It is alleged that she was on the steps of the car in the act of leaving the car, when it moved ahead in its regular course and she was-thrown from the car.
It is immaterial whether she jumped off or was thrown off if she was in the act of leaving the car when it had stopped, and the-train moved ahead when she was in the act of getting off.
Some of the witnesses place her on the platform of the car, and testify that she jumped or stepped from the car platform to the-small platform at Mitchell’s Mills, which is a flag station. Others place her on the steps, and say that as she was in the act of getting off she was thrown to the ground by the movement of the train. On. this part the evidence is conflicting and seemingly irreconcilable. We-are therefore disposed to apply the rule so often announced by us, that-on questions of fact, when the evidence is conflicting and the witnesses of credibility, and the testimony almost equally balanced, we will, not disturb the verdict of the jury. In this case this rule can be applied with propriety, for without calling to our aid extraneous circumstances and physical facts it would be the exercise of intuitive-tact and wisdom to unthread the mass of tangled testimony in the record. There is no evidence that Odom and his wife unnecessarily delayed their efforts to leave the train. They had to go some- *1204 •distance where they could conveniently get to the platform at the depot. The train had signaled for a stop, and when it slowed up they moved forward to get off.
This fact is established, and also the fact that Odom got off the train when it had stopped, and had placed his bundles and turned round •to assist his wife. Here the conflict of testimony begins, plaintiff’s witness placing Mrs. Odom on the steps of the car, and defendant’s witnesses on the platform of the car, from which, while the car was in motion, she stepped to the depot platform, two steps, and went beyond it to the ground.
Odom says as he turned to assist his wife from the train it moved ■off, separating him from her, and she was carried to the end of the platform, thrown from the steps against the side of the car and to the ground. We think his testimony is corroborated as to his wife •being on the step of the car when it moved off. Sentell, defendant’s witness places her ten feet beyond the north end of the platform on the ground when he saw her. All the witnesses place her north of the platform. This platform facing north and south, and the car being parallel with it, it is difficult to understand how she stepped to the platform and was thrown this distance to the north of it. Defendant’s witnesses were not, we think, in a position to see any movement ■of Mrs. Odom, and when they testify they saw her on the platform they may have spoken the truth and at the instant thereafter she may have descended to the step. The witness of defendant nearest to her, in immediate proximity to her, and on whose testimony defendant places great reliance, is confused in his testimony, and makes two opposite and distinct statements in the direct and cross-examination.
We are of the opinion that the jury were correct in finding the ■defendant corporation negligent in moving its train when Mrs. Odom was on the car step in the act of leaving the train. She was placed in a situation by the company where she had no time for deliberation and had to choose between two modes of escape, both of which were dangerous. Error in judgment on the part of plaintiff in trying to escape imminent danger brought about by defendant’s negligence does not constitute contributory negligence, even though the accident might not have happened had the act not been done. 37 An. 705.
She was on the steps of the car by defendant’s invitation to her to leave the train. In this situation, with an infant in her arms, the *1205 perilous alternative was presented to her, to remain there and run-the risk of being thrown from the train when it accelerated its-speed, or to step from the train before it increased its motion. It would have been dangerous for her to attempt to reach the platform of the car with the infant in her arms. Under these circumstances-we are inclined to the opinion that she chose the less dangerous mode of escape. The defendant corporation is responsible for the consequences of placing of Mrs. Odom in this situation.
The evidence fails to sustain the allegations in plaintiff’s petition as to the personal injury of his wife. The evidence is unsatisfactory,, and at the time of the injury there was no examination made by the family physician to ascertain the condition of Mrs. Odom, owing to-her modesty rather, we think, than from any desire to deceive. The examination was therefore superficial, and the family physician only visited her once. Medical experts were appointed by the court to make a personal examination of Mrs. Odom. No objection was-made to this unusual application for medical experts to examine the person of the plaintiff. We will not therefore comment upon it* Objection was made and a bill was reserved to taxing the expense of the expert examination as costs to the defendant. It will not be necessary to discuss this, as the defendant will have to pay the costs. The expert testimony, as it was not objected to by defendant, may be referred to. It shows that there is “no evidence of disease existing that could not reasonably be assigned to other causes.” ' One of these experts is the physician who first visited Mrs. Odom. Mrs* Odom was undoubtedly injured, however, to some extent.
The judgment appealed from will be amended, and the damages fixed at $500.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the damages to the sum of $500, and in other respects it be affirmed, the plaintiff and appellee to pay costs of appeal.