Defendant's complaint here is not well grounded on facts.

Lastly, it is true, as said by plaintiff's counsel, the points reserved in the case are not entirely similar to those decided in another case, cited supra, under the same information. None the less, the new points taken during the trial of the case here, and urged here by learned counsel, are not sufficiently sustained by law and facts to enable us to arrive at a different conclusion than that arrived at in State v. Behan (Hannan Case, 15,391 of the docket of this court) 37 South. 607, ante, p. 701.

For reasons assigned, the verdict and sentence appealed from are affirmed.

------

(37 South. 716.)

No. 15,157.

CHRETIEN v. NEW ORLEANS RYS. CO.

(Dec. 19, 1904.)

CARRIERS—ELECTRIC CAR—INJURY TO PASSENGER—APPREHENSION OF DANGER.

1. While plaintiff's son was a passenger on one of the electric cars of the defendant company, a broken wire fell, just before day, striking the dashboard of the platform of the car. The lights went out upon the falling of the wire, and this was immediately followed by a flash and an explosion, similar to the explosion of a firecracker, but louder. Neither the car nor any of the passengers were injured, nor was any one frightened other than the plaintiff's son, who, standing near the open door at the rear of the car, under a first impulse, ran to the back platform and jumped from the car (running at a high speed) to the ground, striking his skull, and fracturing it, from which injury he died. Plaintiff claimed that the accident was the cause of his son's death, and that he was not guilty of contributory negligence.

*Held:* That the character of the impending danger, or, at least, its apparent character, is to be considered. If one acts unreasonably, or rashly, or becomes frightened at a trivial occurrence, not calculated to alarm a reasonably prudent man, and thereby brings injury upon himself, there is no liability. The deceased must have acted upon reasonable apprehension. His conduct must have conformed to that of an ordinarily careful and prudent man under like circumstances. In considering whether there was justification for the passenger's action, it was proper to consider what the action of the other passengers was as part of the res gestæ, and was deemed prudent by those in the same situation having an interest to take the least and avoid the greatest danger. The speed of the car at the time was proper to be considered.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Eugene Chretien against the New Orleans Railways Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Anthony Joseph Rossi and Benjamin Rice Forman, for appellant. Dart & Kernan, for appellee.

### Statement of the Case.

NICHOLLS, J. The plaintiff claimed from the defendant $20,000 as damages for the death of his son, Jerome Chretien, whose death, he alleged, was caused by its fault and negligence. Plaintiff alleged that the deceased was a passenger in one of the company's cars on the 17th of February, 1903, and was entitled, by his contract with it, to safe carriage.

Plaintiff averred that while his son was so riding as a passenger on the car it was so defective that there was a loud and dangerous explosion of electric energy, endangering the life and limbs of passengers, filling the car suddenly with light and fire, whereby his said son either rushed from the car to escape the imminent threatened danger, or was thrown from said car and fell, striking his head on the rail, and breaking his skull; that he lingered from the 17th until the 23d of February, 1903, when he died from said injuries.

Plaintiff alleged that the loss of his son

was caused by the defendant's negligence and breach of contract; that it could have prevented said injury, and did not do so; that there was no negligence nor fault on the part of his son.

Defendant answered, and, after pleading the general issue, it denied specially that the death of plaintiff's son resulted from its negligence or want of care, but averred that, on the contrary, his injury, suffering, and death were due entirely to his own want of care and caution and gross negligence in the premises. In the event that any contributory negligence should appear in the case, defendant averred that deceased was guilty of contributory negligence, and brought about his own injury.

The case was tried by jury, which returned a verdict in favor of the defendant.

A motion for a new trial, based on the ground that the verdict was contrary to the law and the evidence, being overruled, judgment was rendered in favor of the defendant, and plaintiff appealed.

### Opinion.

The evidence shows that on the morning of the 17th February, 1903, at about 4:30 o'clock in the morning, while it was yet dark, Jerome Chretien, a son of the plaintiff, entered as a passenger, at the corner of Esplanade and Mystery streets, one of the electric cars owned and operated by the defendant. As the car moving forward later approached Crete street, the trolley wire parted and fell. In so doing it struck the dashboard in front of the platform of the car when it fell, and the lights on the car went out, but immediately afterwards there was a flash or lighting up on the front platform, accompanied by a popping noise, but louder; like that made by the burning of a firecracker.

Chretien was at that time leaning upon one side of the car door, which was then open, talking to the conductor, who was upon the rear platform. The falling of the wire, the flashing of the light, and the noise referred to were practically simultaneous; the whole not occupying more than a few seconds. When this occurred, the conductor rang his bell three times as a signal to the motorman to immediately stop, and went forward into the inside of the car to ascertain what had happened. As he did so, Chretien (acting evidently upon a first impulse) ran outside of the car upon the rear platform, and jumped from it into the street. The car was moving at the time with speed, and Chretien, as he touched the ground, fell with such force as to fracture his skull, and from this fracture, after lingering a day or so, he died. Had he remained upon the car, he would have received no injury. There were in the car at the time of the falling of the wire four persons, two of the four being men employed by the defendant company as conductors who were on the way to take up their employment for the day, Chretien, and one passenger besides himself. On the front and rear platforms of the car were its conductor and motorman at their stations. No one of these men was hurt in the slightest degree, and none save Chretien were at all frightened or made apprehensive by what had occurred. The car itself was not injured, nor does any part of it appear to have been even scorched. The testimony of the persons who were inside the car was at variance with that of Pourpart, one of plaintiff's witnesses, as to the car being enveloped on the outside by light or flames.

The current being cut off by the falling of the wire, the car stopped as soon as it lost the momentum which it then had. A repair force was immediately telephoned for by the conductor, which reached the place in about 15 minutes.

The man in charge of the repair work found that a trolley wire had fallen, one end of which was lying behind the car and between the tracks crossing one of the rails;

the other end still attached above. An examination disclosed the fact that the end of the fallen wire had become annealed for some considerable distance, which annealing, under the evidence, had the effect of softening the wire and rendering it pliable, so that it could be easily twisted, and also of discoloring it.

The evidence of neither the plaintiff nor the defendant disclosed what occasioned the falling of the wire. Plaintiff's counsel suggests that the wire was inherently weak, and that the annealed condition of the wire showed it must have been injured before the accident; but the evidence establishes, we think, that that condition followed as the result of the falling of the wire, and was not its producing cause. Defendant's evidence shows that there had been no defect in the wire apparent to the eye prior to the accident; that everything seemed right upon the line; and that it had been quite recently thoroughly and closely inspected.

Whatever may have been the cause, it is clear that the accident in itself and of itself was harmless. Assuming that defendant company was in point of fact in some way careless in respect to the wire, it would by no means follow that because of such carelessness it would be responsible for the injury to Chretien. If the connection between the falling wire and Chretien's injuries was simply that the latter, springing from an electric car running at high speed into a stony street, did so upon his assumption that by the falling of the wire he would be placed in danger of his life, or would receive great bodily harm, the company could not be held liable for his acting upon a wrong assumption when the circumstances of the case were not such as would have given rise reasonably to such assumption or apprehension on the part of an ordinarily prudent and careful person. The plaintiff states the position he contends for in the syllabus of his brief as follows:

"If a railroad company so operates its trains as to place its passengers in a position apparently so dangerous and hazardous as to create in their minds a reasonable apprehension of peril and injury, and thereby excite their alarm, and induce them to make efforts to escape, and in such efforts they receive personal injury, it is responsible in damages," etc. Green v. Pacific Lumber Co. (Cal.) 62 Pac. 747; Wanzer v. Ry. Co. (Wis.) 84 N. W. 423; Railroad Co. v. Hicky. 5 App. D. C. 436; Meesel v. Railroad Co., 90 Mass. 234; Bischoff v. Railway Co. (Mo.) 25 S. W. 908; Kermon v. Gilmer (Mont.) 2 Pac. 21.

Defendant contends that the principle controlling the decision of this case is a familiar one, and that it has been applied by the court in several cases, but that the exact question presented by the facts has not yet been passed upon here. Counsel cite Lehman v. Railroad Co., 37 La. Ann. 708; Odom v. Railroad Co., 45 La. Ann. 1204; 14 South. 734, 23 L. R. A. 152; Russel v. Shreveport Railroad, 50 La. Ann. 501, 23 South. 466; Stokes v. Saltonstall, 13 Pet. 191, 10 L. Ed. 115; South Covington & Cincinnati Street Railroad Co. v. Ware, 84 Ky. 270, 1 S. W. 493; 2 Rorer on Railroads, pp. 1092, 1093; Pierce on Am. Railroad Law (1st Ed.) 475; Id. (Later Ed.) 329; Thompson on Negligence, vol. 2, p. 1092 (Early Ed.); Beach on Contributory Negligence (3d Ed.) §§ 40, 41; Card v. Ellsworth, 65 Me. 547, 20 Am. Rep. 722; Shannon v. B. & A. R. R., 78 Me. 52, 2 Atl. 678; Twomley v. Central Park R. R., 69 N. Y. 158, 25 Am. Rep. 163.

Plaintiff's counsel say:

"That through some defect the trolley wire or electric conductor through which the electric energy was conveyed to the motor broke and fell upon the car, and caused a sudden blaze of light, apparently enveloping the car, and a loud noise or report, as of an explosion. Chretien had reasonable cause to apprehend that his life was in imminent danger from electricity, and that he was in great danger of instant death, and, seeking to escape from that danger, he jumped from the car and fell, and struck his head on the rail, fractured his skull, and, after lingering, died."

Defendant's counsel insist that, conceding for argument (which they did not in fact admit) that the company had been guilty of

negligence in not preventing the falling of the wire, the question for examination was whether the circumstances were such as to create in the mind of an ordinarily prudent person a reasonable fear or apprehension of bodily injury. They say that they were not of such character. They assert that:

"Neither the motorman nor the conductor left their positions, and, judging by the evidence, no other person in the car attached any importance to the incident. It apparently made no impression on them of fear or danger. * * * The jury evidently did not believe the version of Pourpart [one of plaintiff's witnesses] that the car was surrounded by flames covering it from top to bottom, and they were justified in that conclusion; and the most perfect contradiction was the fact that there was no mark on the body of the car showing the presence of fire, flames, or smoke."

"The sudden going out of the lights in an electric car is not an unusual occurrence. Any one who travels in those vehicles has undergone the experience, and must have noticed the movement of the light when the trolley is adjusted to the wire, and must have heard the popping or blowing out of a fuse. Counsel maintain that, even if Chretien left the car under the agitation of fear and apprehension, he was not justified in so acting, and this notwithstanding the company may have been primarily guilty of negligence in causing the fear or apprehension; that it was not every trivial or common place accident happening in or with the vehicles of locomotion which would justify one in taking such desperate chances as he took. The law did not allow one to do a thing of this kind, and recover, even though the railroad company was in fault. Under the settled jurisprudence, Chretien is shown to have acted in a manner unusual and extraordinary, without sufficient justification or provocation, and his unfortunate accident could not be attributed to the defendant."

The following language, which defendant's counsel quote as having been used in the case reported in 84 Ky. 270, 1 S. W. 493, meets with our approval:

"The character of the impending danger, or at least its apparent character, is to be considered. If one acts unreasonably, rashly, or becomes frightened at a trivial occurrence not calculated to alarm a reasonably prudent man, and thereby brings injury upon himself, there is no liability. It is urged that when one is frightened by something resulting from the neglect of the carrier he cannot be charged with contributory negligence to any accident. He, however, must act upon reasonable apprehension of peril. His conduct must conform to that of an ordinarily careful man under like circumstances. He has no right, upon the happening of some trivial occurrence, or such as would not create fear or apprehension of injury in the mind of an ordinarily prudent and careful person, to bring injury upon himself, and then recover damages by reason of it."

We also recognize the force of the proposition that in considering whether there was justification for the passenger's action it is proper to consider what the action of the other passengers was as a part of the res gestæ, and what was deemed prudent by those in the same situation having an interest to take the least and avoid the greatest hazard. One of the tests of justification, among others, is to determine what careful persons generally would be likely to do in similar circumstances. The speed of the train, and the other circumstances connected with the occurrence, are also proper to be considered. 78 Me. 52, 2 Atl. 678; 69 N. Y. 158, 25 Am. Rep. 163.

The jury in the present case was obviously of the opinion that Chretien's conduct in jumping from the car, as shown by the evidence, was not justified by a reasonable apprehension entertained by him from the surrounding circumstances that his life was in danger, or that he was in danger of great bodily harm. There is nothing in the evidence which would warrant or justify us in declaring that the jury's conclusions were erroneous.

Finding no error, the judgment appealed from is hereby affirmed.