Russell vs. Railway Co. et als.

### No. 12,699.

GEORGE H. RUSSELL VS. SHREVEPORT BELT RAILWAY COMPANY

ET ALS.

It is usual to have a motorman and conductor on a train consisting of a car and trailer carrying passengers.

Approaching a railroad crossing on a steep grade the train of defendant company was not stopped owing to the fact that it was not controlled by the motorman.

The result was that it ran into the passing train of the Texas & Pacific Railway. At the moment of the collision plaintiff, a passenger on defendant's train leaped off and was injured.

The duty was, by the ordinances of the municipality and rules of safety, imposed upon the defendant train to stop at the crossing. It was not stopped.

The ordinary care due passengers was wanting. There was only a motorman and no conductor on the train to properly apply back brakes. There was actionable negligence.

APPEAL from the First Judicial District Court for the Parish of Caddo. *Land, J.*

*T. Alexander* for Plaintiff, Appellee.

*Joel Edward Dean, Wise & Herndon* for Defendants, Appellants.

Argued and submitted March 23, 1898.
Opinion handed down April 4, 1898.

The opinion of the court was delivered by.

BREAUX, J.   This was a suit by plaintiff against defendants for damages for personal injuries.

Plaintiff, and his son, a minor, were passengers upon the train of the defendant company.

The train was made up of two cars; one a motor, and the other a trailer.

The Texas & Pacific Railway Company track in the city of Shreveport is crossed nearly at right angles by the defendant Shreveport Belt Railway Company, an electric street railway.

About the distance of a square from the intersection of the two roads the incline or descent over which the cars of the defendant company move is abrupt and steep.

The train of the Texas & Pacific Railway Company was on schedule time.

In the evening, while it was still daylight, the train of the defendant company, in charge of one man only, the motorman, descended without any restraint down the incline to the crossing of the two roads and ran into the passing train of the Texas & Pacific Railway Company, moving over the crossing place at the time of the collision. In this collision the front platform of the street cars was crushed in, and the train was greatly jarred by the encounter.

There had been a conductor on these cars. He got off (a short distance prior) some distance from the place of the accident, and left the cars in charge of the motorman alone; who only had a few days' experience as motorman.

No fault was found with the Texas & Pacific Railway Company's passing train.

Petitioner it appears (just before the train on which he was a passenger struck the Texas & Pacific Railway Company train) jumped off, and fell on his shoulders. One of the shoulders was partially dislocated and an arm bruised.

He underwent medical examination at the trial before the jury, and there was external evidence of the injury which the physicians in their testimony of record described. After the accident he had been under treatment of physicians, who also testified in regard to the injury.

The son of plaintiff, who was sitting in the car with petitioner, did not leap to the ground. He was only slightly injured.

The motorman also jumped, just prior to the accident, and a moment before the collision.

There were passengers who remained in their seats, who did not attempt to jump out, who were not injured.

The sheriff was made a party defendant. The record discloses that at the time of the accident the defendant company was under seizure, made by a judgment creditor. The operations of the road were conducted under an agreement with the sheriff.

The judgment under which the seizure had been made, we deem it proper to state in justice to the defendant company, although the fact has no bearing in this case, was subsequently paid, and the property was released from seizure.

The case was tried by jury. The verdict for the plaintiff was for one thousand dollars.

Russell vs. Railway Co. et als.

From the judgment of the court affirming the verdict, the defendant appeals.  Before the court plaintiff, in his answer to the appeal, applied for an increase of the amount allowed.

It is clear in our judgment, that defendant did not make reasonable and proper exertions to see before hand and avoid the collision.

The usual signal had been given by the Texas & Pacific Railway Company, of the approach, but this it appears served no purpose; the motorman could not, or did not check or stop his cars.   He lost control of the cars, and could not stop or check the sliding of the cars down the incline in time to prevent the collision.

A short time preceding the accident near the top of the hill, at a point where there was already some incline, just prior to the steep grade, one of the passengers having come to her landidg place, rang the bell; the motorman did not stop the car in obedience to her call.

He applied the front brakes and reversed the current, but this did not stop the car.   The wheels, by the sudden application of the brakes, were locked, and thereafter the wheels, instead of turning on the rail down the incline to the crossing, slided down.

The passenger who desired to alight was constrained to remain on the car, until a few moments later, when she, about the time petitioner jumped, also leaped to the ground to escape from the danger of the collision.

The evidence discloses that there was no difficulty, or should have been none, in stopping the cars at the place of the accident.   The evidence also shows that the brakes were in excellent condition, they were applied with sudden force to the front car, and the effect was to lock them and cause a slipping of the wheels on the rails as just stated.

There was no conductor to timely and properly apply the back brakes to the rear of the second car.   The momentum of the trail car thereby added to the trouble.   A lad who was a passenger on the trail car jumped to the back brake and tried to help the motorman by applying them.   This did not suffice to prevent the collision, nor did it have the effect of relieving the defendant company from the responsibility.

There was, as we take it, absolute necessity for the presence of a conductor to assist the motorman, who had only been a short time in the service of the company.   The municipal regulations of the city require, as well as the common rules of safety, the motorman to

stop the cars at the crossings. There was manifestly negligence on the part of defendant, and an amount is due for the injury. Street car companies must exercise reasonable care to provide sufficient number of men to properly move and operate its cars.

This brings us to the question of the amount of the damages which should be allowed.

Plaintiff, a few days after having received the injuries for which he seeks to recover damages, served as a juror in a jury case which sat four days.

He did not ask to be excused from jury service and was not heard to complain, as far as the evidence discloses, of his injuries during the four days of his service on jury. With reference to jury service, and consequent inference, it was urged by defendants that the injuries were not as great as contended by plaintiff, who did not at all apply to the court to be excused.

We can only say, it is not surprising that defendant made proof of the service of the plaintiff as juror, and contended upon that ground that the injuries were not as great as alleged. A citizen very seldom thinks that an accident of any sort is not excuse enough for exemption, by order of court, from jury service. Yet there may be exceptions. It may be that petitioner is of the number who serve on jury, though not well enough to attend to business of their own. If the evidence was not conclusive on this point, we would be loath to believe that petitioner was an exception. But the evidence of injuries received was ample to overcome all presumption arising from service on jury a short time after the accident.

It (the injury) may not have been as great as alleged; it remains that petitioner was injured and suffered pain. The facts with reference to damages are not quite as controlling in this case as they were in the case of Flournay against Shreveport Belt Line, just handed down. We therefore do not change; as to the amount of the verdict of the jury and the judgment of the District Court.

The judgment has given effect to the agreement to which we have referred; entered into for the protection by the sheriff who was temporarily in charge of defendant's railway.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed.

BLANCHARD, J., recused, having been of counsel.