# HAMBURGER v. KATZ ET AL.

---

(February 11, 1928. Opinion and Decree.)

---

Weiss, Yarrut and Stich, of New Orleans, attorneys for plaintiff, appellant.

Spearing & Mabry, of New Orleans, attorneys for Harry Katz, and John May, of New Orleans, attorney for Henry Hirsch and J. H. Schwarz, defendants, appellees.

WESTERFIELD, J. Plaintiff sues for damages for the death of his wife as a result of an automobile accident alleged to have been due to the concurrent negligence of his son-in-law, Harry Katz, and one Henry Hirsch. He also joins as co-defendants, Mr. and Mrs. J. H. Schwarz, as owners of the automobile driven by Hirsch, alleging that the car was being operated in the interest of the owner. Plaintiff itemizes his damages as follows:

Physical and mental pain suffered
  by his wife prior to her death, $10,000.00
Loss of his wife's companionship  5,000.00
Mental pain and suffering_____  5,000.00
Funeral and medical expenses\_\_\_\_    450.00

                                $20,450.00

There was judgment in favor of all defendants, dismissing plaintiff's suit.

As to the defendants, Mr. and Mrs. Schwarz, it having been established on the trial of the case that the defendant, Hirsch, was operating the Schwarz car on a mission of his own, they are conceded to be without liability in the premises.

The accident from which this suit resulted occurred Sunday, May 1, 1927, at about 6:30 p. m., on a public highway of this city known as the Old Spanish Trail, in the Parish of Orleans, at a point about 150 feet from the ferry landing at Chef Menteur. Mrs. Louis Hamburger, plaintiff's wife, was, at the time, a passenger and guest in the automobile of her son-in-law, Harry Katz. She was seated on the back seat of the automobile with two other members of her family, the wife of the defendant, Katz, and his daughter, her granddaughter. When the car reached the point in the road referred to, it suddenly swerved to the right, rolled down the embankment of the highway, and turned over several times before coming to rest. When the occupants of the car were removed, it was discovered that Mrs. Hamburger had suffered serious injuries, as a result of which she died a few days later. The negligence imputed to the defendants, Katz and Hirsch, is stated as follows:

"* * the said defendant Harry Katz being guilty of negligence in operating his automobile at a rate of speed of more than 30 miles per hour, in loose gravel, about two feet from the edge of the steep embankment of the road at that point and in not keeping his automobile under control, and the said Henry Hirsch in attempting to overtake the Katz car while travelling at such a high and dangerous rate of speed, and in approaching the Katz car so dangerously close that it actually struck the Katz car, all of which constituted gross carelessness and want of ordinary care and skill on the part of said defendants in operating their respective automobiles, considering the circumstances and surroundings prevailing at the time and place of the accident.

"That the said Harry Katz and Henry Hirsch in operating their respective automobiles in the manner aforesaid, violated Sec. 19 of Act 120 of 1921, which regulates the speed and manner of operating motor vehicles on public highways of the State of Louisiana, in that both were operating their automobiles at a rate of speed greater than was reasonable and proper, and by driving so heedlessly and recklessly fast that neither could guide nor control his car while traveling in loose gravel on the edge of a steep embankment."

As previously stated, this suit is brought by a father-in-law against his son-in-law for the negligent killing of his mother-in-law. Counsel for both defendants, each of whom represents an insurance company which has assumed the liability of the defendants, respectively, emphasize this fact as an effort to mulct the insurance company by "unnatural suit," as one counsel would have it.

It will be conceded that the suit is unusual, but there is nothing particularly "unnatural" in seeking compensation for damages caused by the negligent act of a member of plaintiff's family when the damages, if allowed, would cost him nothing. Of course, the relationship of the parties does not affect plaintiff's right to recover if the law and the facts justify it. We would expect to find in a case of this character the testimony of defendant influenced by his relationship to plaintiff, and would be disposed to receive it with caution under ordinary conditions, but the defendant, Katz, in this case stoutly maintains his innocence of all fault in connection with the accident, the entire responsibility for which he imputes to the defendant, Hirsch. There is not the least indication in his evidence of any effort to assist the plaintiff in recovering a judgment against himself. Whatever criti-

cism may properly be made of his testimony in other respects, there is certainly no indication of collusion. Consequently no importance is to be attached to the relation existing between the plaintiff and one of the defendants to this suit.

Hirsch, the other defendant, is equally emphatic in his effort to fix the blame for the accident upon Katz. Other witnesses in the case were so partisan as seriously to affect their credibility. The learned judge, a quo, remarked:

"Some of the witnesses in this case departed so far from the truth that the court is unable, even at this time, to state exactly how the accident happened."

We thoroughly understand the difficulty which the court experienced in weighing the testimony. We confess our own confusion after reading the nearly three hundred typewritten pages making up the record. But out of the cross-fire of contradictory assertion, we have no difficulty in finding that, as to the defendant, Katz, his operation of the automobile he was driving was exceedingly careless and in reckless disregard of the safety of the other occupants of his car, as well as himself. Practically every witness in the case, except Katz, testifies to his excessive speed. The judge below, in his reasons for judgment, found that he was traveling forty or forty-five miles per hour. It appears to us that he was going faster than this, but at any rate, his pace, considering the condition of the road, the surface of which was loose gravel, was inexcusable. Moreover, at the point where the accident happened, the road was constructed upon the crown of an embankment whose sloping sides terminated in a canal on each side of the road, an additional reason for careful driving.

It was the opinion of the court a qua, as expressed in its reasons for judgment that this excessive speed was not the proximate cause of the accident, and that:

"To hold that a defendant is liable for mere speed, in the absence of further explanation, to the mother-in-law. who is a guest in his car is to constitute him an insurer. The Court holds that the burden of proof is on the plaintiff and that he has not shown that the accident was due to the negligence of the defendants. The suit is, therefore, dismissed."

Much as we respect the views of our learned brother in his appreciation of the law, it is our opinion that the burden of explanation of this accident, insofar as it may be obscure, rested upon defendant, under the maxim "res ipsa loquitur." An automobile, properly driven at moderate speed over the public road under the conditions obtaining in this case, would have held the road in the ordinary course of things, and the fact that the automobile driven by Katz catapulted over the embankment and rolled over two or three times before coming to rest at the foot of the embankment, is a circumstance which, in the absence of explanation, gives rise to the presumption of negligence. A prima facie case is made out which can only be overcome by proof exculpating Katz. The proof in the record, as far as it is reliable, is to the contrary. His excessive speed is clearly established from the mouths of the witnesses, as well as the silent and eloquent evidence afforded by skid-marks on the roadway.

"The doctrine of 'res ipsa loquitur' may be applied in actions seeking to recover for injuries due to the operation of automobiles. The facts surrounding and forming part of an automobile accident may be such as to raise the inference that the accident was due to the negligence on the part of the person operating or in control of the automobile."

Berry on Automobiles, 4th Ed., Sec. 216.

See, also, Hazard vs. Edward, 2 La. App. 514; Mackenzie vs. Oakley, 108 Atl. 771, 94 N. J. Law 66; Masten vs. Cousins, 216 Ill. App. 268.

In the case of Mackenzie vs. Oakley, supra, it was held:

"A guest who is invited to occupy a seat in a motorcar, is an invitee to whom the owner owes a duty of care. Where an automobile in which plaintiff was a guest skidded on the highway which defendant owner claimed was made slick because of a sudden shower, it was a question whether defendant's explanation was sufficient under doctrine of 'res ipsa loquitur.' The doctrine of 'res ipsa loquitur' applies when an accident happens suddenly and without apparent cause, and yet, from the very fact of its occurrence, an abnormal situation is presented which bespeaks negligence in operation, and under the rule of 'res ipsa loquitur,' the defendant is called upon for an explanation to exculpate himself from the legal inference or presumption of negligence arising therefrom."

As to the defendant, Hirsch, a different rule obtains. It is necessary that plaintiff establish his responsibility affirmatively; in other words, by a preponderance of evidence indicating that he was guilty of negligence which contributed to the accident. We are convinced that Hirsch was endeavoring to pass the Katz automobile, and for that purpose approached the Katz car several times in an effort to do so, but each time the defendant, Katz, became aware of his approach and put on a little more speed, making it impossible for Hirsch, since he had a smaller and less powerful car, to pass him on the road. It is in evidence that the weather was dry and the road dusty and Hirsch admits that he tried to get out of the way of the dust stirred up by the Katz car. This fact, to our minds, is quite clear from the record, and is in accord with the experience of anyone who has often ridden, or driven, upon dusty public roads. However, we are not satisfied that the Hirsch car bumped into the Katz car just before the accident, causing it to run off the road as alleged. There is some evidence to this effect, but to the extent that it is reliable, it is insufficient. The mere fact that Hirsch indulged in occasional bursts of speed in an effort to catch the fast moving Katz car, for the purpose of avoiding the dust, does not, under the circumstances obtaining in this case, justify a finding of negligence rendering him jointly responsible for the result of this accident.

As to the quantum of damages, the deceased was fifty-five years old and had a life expectancy of seventeen years. She had been married to plaintiff for upwards of thirty-five years. According to the testimony of Dr. Louis Levy, and, as seems evident from the nature of the case, she undoubtedly suffered intensely in the interval between the accident and her death some three days later. Plaintiff, of course, suffered a great loss in the death of his wife, with whom he had lived in apparent happiness for so long a period of time. We will not endeavor to separately itemize the allowance of damages in this case, as we prefer to award a lump sum in an amount bearing some appropriate relation to similar awards in other cases, but without any intention of fixing upon a standard. We deem it proper to repeat in this connection what we have heretofore observed: that in awarding damages for physical, mental and moral suffering, we are conscious of our inability to compensate the sufferer, and of the impossibility of standardizing the award. Influenced by these considerations, we have concluded to allow the sum of $6,000.00.

For the reasons assigned, the judgment appealed from, insofar as it dismisses

plaintiff's suit as against the defendant, Harry Katz, is reversed, and it is now ordered that there be judgment in favor of plaintiff, Louis Hamburger, and against the defendant, Harry Katz, in the full sum of $6,000.00, with interest thereon from judicial demand until paid; and in all other respects the judgment appealed from is affirmed, the costs of the lower court to be borne by plaintiff, Hamburger, and of this court, by the defendant, Katz.