RICHARD v. ROQUEVERT

(November 3, 1931. Opinion and Decree.)

Sidney F. Gautier, Jno. B. Fisher and Eraste Vidrine, of New Orleans, attorneys for plaintiff, appellant.

Spearing & McClendon, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit by a guest to recover damages for personal injuries al-

leged to have been sustained on October 24, 1930, at 11:30 a. m. when the automobile in which he was riding on the public highway about nineteen miles from Baton Rouge ran into the side of a bridge and turned over several times down an embankment, coming to rest in a canal.

Defendant filed exceptions of no right or cause of action which were sustained by the judge of the lower court, and plaintiff has appealed.

The pertinent allegations of the petition are as follows:

"2. That on or about the 24th day of the month of October, 1930, it became necessary for petitioner to go to Baton Rouge on legal business for Mr. John Paul Vasquez, who was to accompany petitioner there.

"3. That the question, whether petitioner and Mr. Vasquez would go to Baton Rouge by railroad or by automobile, was disposed of by Mr. Vasquez who informed petitioner that the defendant, Roquevert, would drive petitioner as a guest to Baton Rouge, La., in company with him.

"4. That Thursday evening, October the 23rd, 1930, Mr. Vasquez, in company with the defendant, called at petitioner's home, to inform petitioner that the defendant would take us to Baton Rouge the next morning between ten and eleven o'clock.

"5. Answering my question, the defendant stated that his automobile, a Chevrolet Roadster, was in good condition, and he was quite familiar with driving an automobile on gravel roads.

"6. October 24th, 1930, about eleven thirty o'clock A. M., petitioner, Mr. Vasquez and Mr. Roquevert left for Baton Rouge; that when about eighteen or nineteen miles from Baton Rouge, on the Hammond Highway, a gravel road, we came upon a road machine, then engaged in repairing the gravel road; that it was necessary, so as to avoid the road machine, for defendant, who was at the steering wheel, to drive from the right to the left of the road.

"7. After having passed the road machine, say for a mile or more and while approaching a highway bridge at a speed of about 35 miles an hour, the defendant remarked that he would move to the right, and suiting his actions to his words, the defendant negligently and carelessly steered his car to the right, too precipitatedly as a result of which the front wheels of his car hit a loose gravel ridge in said highway; that, thereupon, defendant lost complete control of his automobile, negligently let go the steering wheel, the car all the while zigzagging violently, first to the right and then to the left of the road, all the while taking on more speed, due to defendant putting on the gas, instead of applying the brakes.

"8. That almost before petitioner could realize in what terrible predicament we were, the said automobile crashed with terrific violence into the left apron and end of the bridge, completely catapulted down an incline on the left side of the bridge, rolled over three or four times down the embankment, landing in a creek, some 60 feet beyond, in 3 or 4 feet of water and mud, completely demolishing and wrecking said automobile.

"9. That the said accident was due solely to the fault, negligence and gross carelessness, lack of knowledge by defendant how to drive an automobile on a gravel road, and completely losing his head and control of his car in his attempt to drive from the left to the right of the road, and petitioner in no wise contributed to said accident."

Defendant contends that the petition does not allege that the automobile was being driven at an excessive or negligent rate of speed because under an act of the Legislature 45 miles per hour is lawful. He further contends that the charge that he drove "too precipitatedly" across the road is a mere conclusion of plaintiff and not an alleged fact tending to show negligence on his part.

There is no doubt that defendant owed plaintiff, who was a guest in his car, the duty of driving carefully in order not to injure him. Centanni v. Ferrito, 7 La.

App. 759; Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L. R. A. 1917F, 253.

Section 5, subds. (a) and (b) of Act No. 296 of 1928 read as follows:

"Restrictions of Speed.

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb or property of any person.

"(b) Subject to the provision (a) of this section and except in those instances where a lower speed is specified in this Act, it shall be prima facie lawful for the driver of a vehicle to drive at a speed not exceeding the following, but in any case when such speed would be unsafe it shall not be lawful."

After setting forth the respective speed limits, paragraph 8 of subdivision (b) of section 5 provides that a speed of 45 miles per hour is permitted under all other conditions.

In the case of Hamburger v. Katz, 10 La. App. 215, 120 So. 391, 392, the allegations of negligence against the defendant were as follows: "* * * The said defendant Harry Katz being guilty of negligence in operating his automobile at a rate of speed of more than 30 miles per hour, in loose gravel, about two feet from the edge of the steep embankment of the road at that point and in not keeping his automobile under control"—yet this court said:

"Much as we respect the views of our learned brother in his appreciation of the law, it is our opinion that the burden of explanation of this accident, in so far as it may be obscure, rested upon defendant, under the maxim 'res ipsa loquitur.' An automobile, properly driven at moderate speed over the public road under the conditions obtaining in this case, would have held the road in the ordinary course of things, and the fact that the automobile driven by Katz catapulted over the embankment, and rolled over two or three times before coming to rest at the foot of the embankment, is a circumstance which, in the absence of explanation, gives rise to the presumption of negligence. A prima facie case is made out, which can only be overcome by proof exculpating Katz." See, also, Lawson v. Nossek, 15 La. App. 207, 130 So. 669, 670.

As we view the allegations of the petition, defendant is charged with negligence in driving his car on a graveled road at the rate of 35 miles per hour when approaching a highway bridge and suddenly, sharply, and quickly turning from the left to the right side of the road through a loose gravel ridge in the highway, causing him to lose complete control of the car and releasing his hold on the steering wheel; accelerating the speed of the car instead of releasing the throttle or gas and applying his brakes, and thereby causing the car to zigzag out of control, crash into the left apron on the end of the bridge, and roll over three or four times down an embankment and into a creek. It is our opinion that the petition clearly charges defendant with negligence in operating his car at an excessive rate of speed under the circumstances and in not using caution and care by slowing down when approaching a dangerous portion of the highway, and in turning too sharply at such a point.

We conclude that the allegations of the petition do set forth a cause of action, and for the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the exceptions of no right or cause of action be, and the same are hereby, overruled, and the case remanded to the lower court for further proceedings according to law.