## RICHARD v. ROQUEVERT. *
### No. 14499.

Court of Appeal of Louisiana. Orleans.

May 22, 1933.

Sidney F. Gautier, Jno. B. Fisher, and Eraste Bidrine, all of New Orleans, for appellant.

Spearing & McClendon, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a guest against the owner and driver of an automobile for damages covering personal injuries, medical expenses, etc., said to have resulted when the automobile in which plaintiff was riding ran off the highway, down an embankment, and into a creek on October 24, 1930, at 2:30 o'clock p. m.

The trial court originally sustained an exception of no cause of action and dismissed plaintiff's suit, but on appeal this court reversed the judgment and remanded the case for trial on its merits (17 La. App. 678, 137 So. 364, 365). In that opinion we found that the petition charged the defendant with negligence in the following respects:

"As we view the allegations of the petition, defendant is charged with negligence in driving his car on a graveled road at the rate of 35 miles per hour when approaching a highway bridge and suddenly, sharply, and quickly turning from the left to the right side of the road through a loose gravel ridge in the highway, causing him to lose complete control of the car and releasing his hold on the steering wheel; accelerating the speed of the car instead of releasing the throttle or gas and applying his brakes, and thereby causing the car to zigzag out of control, crash into the left apron on the end of the bridge, and roll over three or four times down an embankment and into a creek."

The defendant answered admitting the accident but denied that he was in any way guilty of negligence and, in the alternative, specially pleaded joint adventure.

The case was tried on its merits and resulted in a judgment in favor of defendant dismissing plaintiff's suit and he has appealed.

The record shows that the plaintiff, who is an attorney-at-law, was employed by Mr. John B. Vasquez to accompany him from New Orleans to Baton Rouge for the purpose of attending to some legal business. The defendant is the son-in-law of Mr. Vasquez, and he agreed to take the two men to Baton Rouge in his Chevrolet Roadster automobile. The defendant consented to make the trip solely as a convenience to his father-in-law and did not receive any compensation for doing so. He had his car inspected to see that it was in good mechanical order and that the tires were not defective and brought a colored boy with him for the purpose of changing the tires in the event of punctures. They met the plaintiff at his office by appointment and the party started to Baton Rouge. Defendant was driving the car, Mr. Vasquez was sitting next to him, plaintiff on the right side and the colored boy in the rumble seat. As the automobile was traveling in the direction of Baton Rouge on the Hammond-Baton Rouge Highway, which is a graveled roadway 40 feet in width, it encountered a road scraper which was proceeding in the opposite direction on its left or wrong side of the road. The defendant drove the Chevrolet car to

his left side of the road and then, for a distance of about a mile, traveled on that side of the road due to the presence in the center of the highway of a gravel ridge estimated to be about 6 to 8 inches high and 12 to 14 inches wide at its base, caused by the gravel being scraped and deposited there by the road machine as it went along. When the defendant reached a point, estimated between 200 and 300 feet from a bridge, he noticed an automobile coming from the opposite direction on the other side of the bridge. The evidence is conflicting whether this other car was 300 feet or 1,000 feet away from the bridge at that time. Defendant was driving at a speed estimated between 30 and 35 miles per hour and, at that time and point, drove suddenly to his right, without slackening his speed. As his front wheel struck the gravel ridge the automobile began to zigzag, lurch, and shake violently, and the defendant momentarily turned the steering wheel loose, but a moment later recovered it, released his clutch, and attempted to apply his brakes. The evidence is conflicting as to whether he applied the brakes or accelerated the car, defendant contending that he applied the brakes and his father-in-law and plaintiff testifying that he accelerated the car. In any event, before he could recover control of the car it crashed into an apron on the left side of the bridge, rolled over and down a steep embankment into a creek, and came to rest on its wheels. The negro boy and defendant were thrown clear and were shaken up and slightly injured. The father-in-law remained in the car and was not hurt, but plaintiff, who also stayed in the automobile, received the injuries for which this suit is brought.

■ The three witnesses to the accident were the plaintiff and Mr. Vasquez, who testified for the plaintiff, and defendant who testified in his own behalf. There is no conflict in the testimony as to the rate of speed that the Chevrolet car was being driven at the time defendant attempted to cross the gravel ridge. It is also clear that the gravel ridge was present and that striking it was the cause of defendant losing control of his car. Defendant attempted to excuse himself for not having noticed the gravel ridge at the time he crossed to the right of the road on the ground that his attention was focused upon the automobile which was approaching from the opposite direction. The evidence, however, including his own, convinces us that the approaching automobile was sufficiently far away so as not to require his immediate and exclusive attention. The weather was clear, there was no dust or fog or anything to obstruct defendant's view of the road. Defendant had been driving for a considerable distance along the gravel ridge made by the scraping machine and knew or should have known of its presence. There is no doubt that this ridge of loose gravel added to the

hazard of the road. Defendant was required under the law to exercise care and attention commensurate with the danger involved. He admits that he did not slacken the speed of his car in attempting to cross the ridge and that if he had reasonably reduced his speed the accident would not have occurred. He, therefore, failed to take proper precautions as an ordinarily prudent and careful driver should have done against this increased hazard. We find that the proximate cause of the accident was the driver's negligence. Deichmann v. Gerard et al. (La. App.) 145 So. 30, Monroe v. D'Aunoy (La. App.) 143 So. 716, Hamburger v. Katz, 10 La. App. 215, 120 So. 391, Christos v. Manos, 16 La. App. 513, 134 So. 713, and Jacobs v. Jacobs, 141 La. 286, 74 So. 992, L. R. A. 1917F, 253.

Counsel for defendant relies upon the case of Banta v. Moresi, 9 La. App. 637, 119 So. 900. We do not find that case in point because the evidence showed that the driver of the car in passing over the road previously did not encounter any loose gravel and, on his return, did not anticipate the presence of the gravel which had been placed on the road and had not been spread. His view of the gravel was intercepted by the presence of another automobile which was in front of him and which he had just driven around at the time the accident occurred. In short, the driver in that case did not have an opportunity of seeing the gravel in the roadway and had no reason to anticipate its presence.

■ Defendant cannot successfully invoke the doctrine of sudden emergency because his negligence contributed to cause the emergency. Labatt v. Bell Cabs, Inc. (La. App.) 145 So. 296, and Burnett v. Cockrill (La. App.) 145 So. 398.

The next defense is that the plaintiff was a joint adventurer and was going to Baton Rouge in behalf of a joint enterprise. The evidence shows before the attorney agreed to ride to Baton Rouge in defendant's car, he questioned Mr. Vasquez as to defendant's experience in driving a car, particularly on graveled roads, and he was assured that defendant was a competent driver.

■ The trip to Baton Rouge was for the purpose of obtaining a judgment against a party who owed Mr. Vasquez some money. Counsel for defendant predicate their argument mainly upon the fact that plaintiff, as an attorney, had agreed to take the matter on a contingent fee basis. The trial court construed the testimony, as we do, that plaintiff and Mr. Vasquez testified that the parties did not agree upon the amount of the fee. This does not mean that he took the case on a contingent basis, but means that he was to be paid a reasonable fee for his services on a quantum meruit basis. The testimony does not warrant the construction placed upon it by defendant.

Our Supreme Court in the case of Lorance v. Smith, 173 La. 883, 895, 138 So. 871, 875, said:

"We do not think this was a joint enterprise or a joint adventure as that term is used in law, because it does not appear that the occupants of the car had equal rights to control the operation of it. In the case of Lawrason v. Richard, 172 La. 696, 135 So. 29, 31, this court held, to quote from the opinion on rehearing:

" 'There is no joint adventure in the sense that the occupant of an automobile is equally liable with the driver unless there be also equal right to control the operation of the automobile,' citing 42 C. J. 1179, § 957; Berry on Automobiles (6th Ed.) § 644."

See, also, Delaune v. Breaux, 174 La. 43, 139 So. 753; Ruling Case Law, Volume 15, Verbo "Joint Adventure", pages 500–505.

There is nothing in the record to justify us in holding that the plaintiff had equal rights to control the operation of the Chevrolet car. It was shown that the plaintiff did not have any warning that the driver of the car would suddenly turn to his right at that point or that he had any opportunity to protest against the driver doing so before the car struck the gravel and began to zigzag. It is our opinion that this defense must also fail.

■ As a result of the accident the plaintiff suffered a deep cut over his left eye which bled profusely, necessitating three or four sutures and causing partial anaesthesia or loss of sensation of the frontal region. He had a very severe blow to his right shin at the junction of the middle and lower third causing a severe bruise and contusion of the medial surface involving the soft structure and severance of a vein; some maceration of the tissue there, and a slough of the skin the size of a half dollar. His left shoulder was injured by the skin being torn from an area of about ½ inch in width to about 4 or 5 inches in length. He also suffered severe bruises and contusions about the body, particularly around the right hip and in the region of his left lower ribs which subsequently became very sore. Plaintiff was under the attention of a physician for about eight weeks. He spent three weeks in bed with his leg elevated on account of the ruptured blood vessel which resulted in a complication on account of a blood clot forming and which impeded and interfered with the circulation of the blood. It became necessary to remove this blood clot because it had caused plaintiff's. leg to become very swollen and sore. The plaintiff's physician and himself testified that all his injuries were very painful.

Plaintiff also lost his eyeglasses for which he had paid the sum of $20 and a suit of clothes that cost him $30. The doctor's bill was $45. He makes no claim for loss of earnings in his business.

Without attempting to itemize the respective amounts we have concluded to allow him the sum of $750. Geo. H. Russell v. Shreveport Belt Railway Company, 50 La. Ann. 501, 23 So. 466; Thompson v. Commercial National Bank, 156 La. 479, 100 So. 688; Blanks v. Saenger Theatres, Inc., 19 La. App. 314, 138 So. 883; Dr. Crozat v. Toye Bros. Yellow Cab Company (La. App.) 145 So. 60.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed and it is now ordered that there be judgment in favor of the plaintiff, Kossuth V. Richard, and against the defendant, John Roquevert, in the sum of $750, with legal interest from judicial demand until paid, and all costs of court.

Reversed.