## MORLAS v. TOYE BROS. YELLOW CAB CO.*
### No. 14450.

Court of Appeal of Louisiana. Orleans.
June 12, 1933.

Titche, Kiam & Titche, of New Orleans, for appellant.

David Sessler and John P. Sullivan, both of New Orleans (W. E. Westerman, of New Orleans, of counsel), for appellee.

WESTERFIELD, Judge.

This is a suit for damages sustained by plaintiff's automobile as a result of an intersectional collision with a taxicab, owned and operated by defendant company, and, at the time of the accident, being driven by one of its employees.

The accident occurred on January 2, 1932, when plaintiff's automobile, driven by her daughter, Eleanore Morlas, collided with a taxicab in the intersection of South Claiborne avenue and Perdido street, at about 6 p. m.

Plaintiff's car, prior to the accident, was being driven down Claiborne avenue in the direction of Canal street at a speed of about 25 miles per hour and within the speed limit as established by the traffic ordinance. Claiborne avenue is a right of way street, and vehicles entering the intersection of Claiborne avenue from Perdido street are required to come to a full stop. No. 7490, C. C. S.

Plaintiff mainly relied upon the fact that the taxicab violated the city traffic ordinance with reference to stopping before entering the intersection, a circumstance which, it is claimed, was solely responsible for the accident. On the other hand, the evidence of defendant is that this violation of the traffic ordinance had nothing to do with the accident, which, it is said, was due to the fact that Miss Morlas, seeing the taxicab in the intersection, should have moderated her speed sufficiently to permit it to pass, and that her failure to do so is alone responsible for the collision.

The learned trial judge, in his reasons for judgment, after finding the driver of the taxicab negligent because of his failure to stop before entering a right of way street, said:

"I then turn to the question whether the driver of plaintiff's car was also negligent. It appears from the testimony of one of her witnesses, Mrs. Byrne, and from the testimony of the driver of the taxicab, that as the taxicab slowed down at the intersection, plaintiff's car was about a half block away. That seems reasonable, considering the fact that, as appears by all the evidence, the taxicab had almost completed the crossing when it was hit. * * *

"As Miss Morlas approached she ought to have seen this car emerging. She ought to have brought her car under control. She ought to have put on her brakes. She ought to have checked her speed. It appears that she did not do that until it was too late to avoid the accident. She appears to have depended that the taxicab would remain in the intersecting street until she had passed. I do not think the ordinance required him to do that. At any rate, if he ought to have remained in the intersecting street until she had passed, why, at least, it was negligence in Miss Morlas to continue on without checking her speed, with the result that appears here.

"So that it seems to me that the driver of plaintiff's car was herself negligent, and that her negligence contributed to the accident, and it defeats plaintiff's right to recover."

We agree with the trial judge in his conclusion. Miss Morlas saw or should have seen the taxicab in time to avoid it. The taxicab had almost completed the crossing when it was struck near its rear end by the Morlas car. There must have been a sufficient interval between the entrance of the taxicab in the intersection and its consequent visibility to permit Miss Morlas to stop her car or divert its course. If she had kept a proper lookout, the accident would not have occurred.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

*Rehearing denied June 29, 1933.