## LAKE et ux. v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, et al.*
### No. 14702.

Court of Appeal of Louisiana. Orleans.

Feb. 12, 1934.

Hopkins & Talbot and Jas. W. Hopkins, all of New Orleans, for appellants.

Edw. Rightor, of New Orleans, for appellees.

HIGGINS, Judge.

This is a suit by a guest to recover damages from the owner and operator of the automobile in which she was riding and his insurance carrier, in solido, for personal injuries alleged to have resulted from an au-

tomobile collision at the intersection of North Dorgenois street and St. Bernard avenue on September 18, 1932, at 2 o'clock p. m.

The charges of negligence are: First, that defendant Schneidau was driving his car at a rate of speed in excess of that permitted by the city traffic ordinance (No. 13,702, C. C. S.); and, second, that under all of the circumstances surrounding the accident he was driving at a reckless rate of speed and in a careless manner.

The defense is that the defendant was free from fault, and, in the alternative, that he was compelled to act in a sudden emergency.

There was judgment dismissing the suit, and plaintiff has appealed.

Plaintiffs, Mr. and Mrs. Lake, were friends of the defendant and his wife. The party, together with defendant's minor son, were en route to Waveland, Miss., in the defendant's Ford Tudor sedan. Mr. Lake was seated on the right rear seat, the boy next to him, and on the boy's left, his mother. Mrs. Lake was riding on the front seat next to defendant, who was driving.

The locus in quo may be described as follows:

St. Bernard avenue is a paved boulevard having a neutral ground 38 feet wide with paved roadways on each side thereof measuring 22 feet each in width. The lower, or downtown, side roadway is a one-way street for traffic moving in the direction of the lake, while the uptown side roadway is a one-way street for vehicles going in the direction of the river. Dorgenois street below St. Bernard avenue is a graveled or shelled road 22 feet wide, entering the avenue diagonally and not at the usual right angle. Above the avenue, Dorgenois street is paved, measures 24 feet 3 inches in width, and leaves the avenue on an obtuse angle. The roadway, which crosses the neutral ground of the avenue, is not on a straight line with Dorgenois street on the lower side of the avenue. The neutral ground extends further in the direction of the river, causing an offset of a number of feet; so that, if a vehicle is driven from the lower to the upper side of the intersection, it would have to go against traffic moving in the direction of the lake for a short distance. Dorgenois street is a two-way roadway running from downtown toward Canal street, or uptown, and crosses St. Bernard avenue in the rather irregular way which we have attempted to describe.

Defendant's car was proceeding on the lower roadway of St. Bernard avenue in the direction of the lake. A Ford coupé was being driven on Dorgenois street in an uptown direction and, therefore, coming from defendant's right. A third automobile, whose driver desired to go down Dorgenois street, or in the direction from which the Ford

*Rehearing denied March 12, 1934.

coupé was approaching, stopped on the downtown river corner of the intersection in order to permit the Ford coupé to enter St. Bernard avenue. The defendant, believing that the driver of the Ford coupé about to enter St. Bernard avenue would permit him to continue on his course by either waiting until defendant's car had passed, or turning into St. Bernard avenue in the direction of the lake, close to the right curbing, continued on. Instead of doing so, however, the driver of the Ford car entered the avenue, drove around the parked car, and in the direction from which the defendant's car was approaching. Defendant applied his brakes and swerved to his right, when he struck the rear part of the parked automobile, causing the plaintiff to be thrown forward and to strike her head, severely lacerating her forehead and causing bruises and contusions to her knees and the upper part of her body.

Plaintiff seeks to hold the defendant liable on the theory that he was operating his car at a rate of speed of more than 35 miles an hour, in violation of article 5 of the traffic ordinance (No. 13,702, C. C. S.), which permits a speed on St. Bernard avenue of 30 miles an hour. Plaintiff and her husband both state that several blocks before they reached the scene of the accident defendant was traveling at a rate of speed of 35 miles per hour, which they noted by observing the speedometer, and that he continued at that speed, or a little faster, up to the time that he applied his brakes. Plaintiff says that within a block of Dorgenois street she admonished defendant not to drive fast, but that he failed to heed her warning.

■ Defendant's wife states that she approximates the speed at which the car was being driven at 30 miles per hour within the block before the scene of the accident. Defendant says that his speedometer showed that he was running from 25 to 28 miles an hour at that time. A disinterested witness who testified for the defendant says that he was seated in front of his oil station on the uptown, lake corner of the two streets and estimates plaintiff's speed at about 25 miles an hour within 75 to 100 feet of the corner, where the collision occurred. The trial court found that the preponderance of the evidence was with the defendant on the first allegation of negligence, and we feel that the record supports his conclusion.

With reference to the issue that it was an unavoidable accident the defendant states that as he approached Dorgenois street he observed the Ford coupé car at a distance of 150 feet from the corner coming towards the avenue; that he continued on at a speed of about 25 or 28 miles an hour and accelerated his speed to 30 miles per hour for the purpose of clearing the intersection before the coupé entered it; that as he was about 25 feet from the corner he realized that the driver of the coupé did not intend to permit him to pass, but that he was attempting to cross the intersection by turning to his left, which caused the Ford coupé to be diagonally facing in the direction from which the defendant was coming; that he immediately applied his brakes and estimated, at the time he started to do so, that he was within 18 or 20 feet of the parked automobile; that believing that a head-on collision with the Ford coupé was imminent, he swerved to his right and had reduced his speed to about 12 miles an hour at the time he struck the rear of the parked car; and that he did not take into consideration or observe the parked car until he realized that the Ford coupé was about to obstruct his path.

Counsel for plaintiff argues that as the defendant admits that he had the Ford coupé in full view while it was traveling 150 feet in a direction which lead across his path, that he should have retarded his speed much earlier and placed his car under such control as to enable him to stop it immediately if necessary. He further argues that it was negligence on the part of defendant to fail to observe the parked car until he was in close proximity thereto and that, as a result of these acts of omission, the defendant was guilty of negligence and carelessness which contributed to cause the emergency, which he was eventually confronted with, and, consequently, he is not entitled to invoke the doctrine of sudden emergency, citing Labatt v. Bell Cabs, Inc. (La. App.) 145 So. 296, Burnett v. Cockrill (La. App.) 145 So. 398, and Richard v. Roquevert (La. App.) 148 So. 92.

■ It is conceded that the defendant had the right of way under the city traffic ordinance and that, if the court should conclude that he was not driving in excess of 30 miles an hour, he was not violating the provisions of the traffic ordinance, and we have so concluded in disposing of the first issue. Plaintiff, therefore, depends upon the general law of negligence to show that the defendant was at fault in contributing to the collision. There can be little doubt that the Ford coupé and the defendant's car approached the intersection at approximately the same time. The traffic ordinance under those circumstances required the driver of the coupé to accord the defendant the right to proceed. We have held in a number of cases that it is not negligence for a driver of an automobile to assume that another motorist will obey the provisions of the traffic ordinance. Arena v. Morris & Co., 14 La. App. 563, 130 So. 565; Stout v. Lewis, 11 La. App. 503, 123 So. 346; Belden v. Roberts, 3 La. App. 338.

■■ We have also held that even though the driver of an automobile is given the right of way under the provisions of the traffic ordinance, if, by the use of ordinary care and attention, he observed or should have discovered that another driver is not going to obey

the traffic ordinance and has sufficient opportunity of avoiding a collision and fails to do so, he is guilty of negligence. Morlas v. Toye Bros. Yellow Cab Co. (La. App.) 148 So. 730. But the evidence in this case convinces us, as it did the trial judge, that at the time the defendant discovered it was the intention of the driver of the coupé to emerge from his place of safety into the path of defendant, he did not have a sufficient opportunity to bring his car to a stop, or to turn either to the right or left in such a manner as to avoid a collision. Immediately upon apprehending the dangerous situation with which he was confronted through the negligence of the driver of the coupé he made every reasonable effort to avoid an accident, but, unfortunately, he was unsuccessful. We believe that the defense of sudden emergency was good and that it was properly sustained by our learned brother below.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.