LANDRY, Judge.
This appeal by Constant Pitre (Appellant), is from judgment rejecting his demands in tort, for damages for personal injuries to his minor son, Danny Pitre, against the owner, driver and insurer of a truck which collided head on with a vehicle belonging to Appellant, which vehicle was being driven by Appellant’s daughter, Clara Pitre, and in which Danny Pitre was riding as guest passenger. Appellant also sued his own insurer against whom he obtained judgment upon the trial court finding Miss Pitre solely at fault. We affirm.
The Pitre vehicle, a 1974 Ford Pinto, was insured by Continental Insurance Company (Continental). The truck a 1968 International flatbed, was owned by J & W Enterprises, Inc., insured by Bituminous Casualty Corporation (Bituminous), and being driven by J. E. Skains, President of owner corporation.
Subject accident occurred at about 3:00 P.M., October 4, 1974, on Louisiana Highway 1, a paved, two-lane, north-south roadway, approximately four-tenths of a mile south of the junction of said highway and Louisiana Highway 24, near LaRose, Louisiana. The weather was clear and the highway dry. Skains was traveling northerly in the truck which, though empty, weighed a total of 22,000 pounds, including the weight of a brick loading apparatus installed thereon. The truck, although a single unit, had two front wheels and eight rear wheels. Skains was accompanied by his employee-helper, Billy Bourgeois. Miss Pitre was traveling southerly, her younger brother occupying the right side of the front seat of her vehicle. Skains was driving about 45-50 miles per hour; Miss Pitre was proceeding at approximately 45 miles per hour.
The collision occurred in or near the south end of a moderate curve to the west, left for a northbound driver, right to a southbound motorist. The right front of the Skains truck struck the right front of the Pinto at a point one foot inside the center-line in the southbound lane, that is, one foot west of the centerline.
Two suits resulted from the accident. Appellant sued Continental, Skains, J & W, and Bituminous. Skains and J & W sued Miss Pitre and Continental. The actions were consolidated for trial. Appellant obtained judgment individually for $4,805.95, and on behalf of his minor son for $20,000 against Continental. Skains and J & W were awarded judgment against Miss Pitre and Continental. Appellant settled with Continental for $12,000, the limits of said insurer’s liability, with full reservation of his rights against all other defendants. This present appeal presents only the question of the liability of Skains, J & W, and Bituminous to Mr. Pitre and his minor son. Neither Miss Pitre nor Continental have appealed the judgments against them in favor of Skains and J & W.
Miss Pitre testified she was proceeding southerly in her proper lane of travel, at about 45 miles per hour, after having stopped at a local bakery to purchase a birthday cake for her guest passenger brother. She could not recall in'which lane she was traveling immediately before the accident or when she entered the curve or while traversing the curve. Within an instant or two prior to the impact, she observed the oncoming truck at which time she applied her brakes and veered to her right. She could not state in which lane she was traveling when she attempted these evasive maneuvers. She attributed her inability to recall further details to amnesia *392 resulting from head injuries she sustained in the accident.
Skains testified he was proceeding northerly in his proper lane of travel at about 45 to 50 miles per hour. As he approached the curve ahead, he met a southbound vehicle traveling immediately ahead of Miss Pitre. The Pitre vehicle entered the curve when his truck and the Pitre car were about 250 to 300 feet apart. At this time, he noticed the Pitre vehicle gradually drifting to its left into Skains’ lane. He removed his foot from his accelerator and rested it on his brake but did not apply his brakes. As he observed, the Pitre car continued its drift to the left and entered completely into the northbound lane. It appeared to Skains that the driver of the Pitre car was attempting to pull back into his proper lane, but the vehicle continued to drift to the left. As the vehicles approached each other, Skains supposed the oncoming driver was “playing chicken” and would resume his proper lane of travel. When the vehicles were about 100 feet apart, Skains concluded the oncoming driver would not resume his proper lane, and at that time he applied his brakes and veered sharply to his left. He reasoned that if he veered his truck, it would avoid a direct head-on collision between the vehicles, in which the oncoming car would either be totally demolished or would run beneath the truck, crushing the vehicle and its occupants. He explained that he felt a glancing impact might perhaps turn the vehicle and push it aside, thus affording the occupants of the automobile a better chance of survival. He believed the left front wheel of his truck was in the southbound lane at the moment of impact. At no time did he leave his proper lane until he attempted the mentioned evasive measures.
The accident was investigated by Trooper Gerald Guidry of the Louisiana State police, who arrived on the scene approximately five minutes after the mishap. He found 45 feet of measured skid marks left by all four wheels of the Pitre car, beginning completely in the northbound lane, curving uninterruptedly to and ending at the point of impact. Based on physical signs, he determined the point of impact to be in the southbound lane, one foot west of the cen-terline. He also found 82 feet of measured skid marks made by the Skains truck, beginning entirely in the northbound lane, veering to the left, and terminating at the point of impact.
Billy Bourgeois was looking out of the truck window until just before the impact, when he looked ahead. He saw the oncoming Pitre car in the northbound lane and shouted a warning. The impact occurred immediately thereafter.
Noel Cheramie was traveling southerly ahead of Miss Pitre by an estimated 150 to 200 feet. He passed the Skains truck traveling in its proper lane at what he considered an excessive speed. He followed the course of the Skains truck in his outside rear view mirror and saw the truck enter the southbound land about 50 to 100 feet after passing his car. The truck remained in the southbound lane until its bulk blocked his view of the Pitre car, which was traveling in the southbound lane when he last saw it. He observed the impact occur while the Skains truck was completely in the northbound lane, but he could not position the Pitre car at the moment of impact.
Van Cheramie was following the Pitre car with one vehicle intervening. He did not see the Pitre car leave its proper lane and observed nothing unusual about the movement of either the Pitre car or the truck. Although he was not aware of the imminence of an accident, he observed the impact take place while the Pitre car was completely in the southbound lane.
Ruth Roberson, a school teacher, was proceeding southerly about 300 feet behind Miss Pitre. She saw the approaching truck and knew an accident was imminent. The collision occurred about 225 feet ahead of her vehicle. At the moment of impact, the Pitre car was completely in the southbound lane. She did not observe the truck in the southbound lane until immediately prior to the collision.
Leon Richard, a school bus driver, was proceeding southerly with a bus load of *393 children. Two or three vehicles intervened between his bus and the Pitre car, which was traveling in its proper lane. About 500 feet south of the point of impact, he saw the northbound truck enter the southbound lane. The truck resumed its proper lane and reentered the southbound lane prior to the point of impact. He did not see the collision itself.
Appellant contends the trial court erred in disregarding the testimony of disinterested eye witnesses who placed Skains’ truck in the wrong lane of travel prior to the collision. On this ground, Appellant invokes the rule that a motorist proceeding in the wrong lane of travel bears the burden of refuting the inference of negligence arising from such conduct. Bergeron v. Port Allen Mortuary, Inc., 178 So.2d 442 (La.App. 1st Cir. 1965). Alternatively, Appellant maintains that if Miss Pitre were traveling on the wrong side of the highway, Skains had ample notice of the danger posed thereby and failed to take appropriate and effective evasive measures despite ample opportunity to do so.
A driver proceeding on a public highway is charged with the incessant duty to remain alert and act prudently under the existing circumstances. Hunter v. American Employers Insurance Company, 153 So.2d 588 (La.App. 4th Cir. 1963).
A motorist having the right of way is liable if he can, by the use of ordinary care, observe that another driver will commit a traffic violation and has sufficient opportunity to avoid an accident, but fails to do so. Lake v. Employers’ Liability Assurance Corporation, 152 So. 600 (La.App. Orleans 1934).
Whether a motorist has violated the duty of care imposed upon him by law is a matter to be determined in the light of the facts and circumstances of each particular case. Bryan v. Magnolia Gas Company, 13 La.App. 52, 127 So. 124 (2nd Cir. 1930).
It is obvious that the trial court resolved the factual dispute concerning the positions of the vehicles involved in favor of Skains’ version of the accident. Disinterested witnesses testifying on behalf of Appellant placed the truck in the wrong lane of travel for some distance prior to impact. However, uncontroverted physical evidence, namely, tire marks, observed and measured by an equally disinterested witness, namely, the investigating officer, show that the Skains truck was in its proper lane of travel at least 82 feet prior to the point of collision. The physical evidence, together with Skains’ testimony, is ample support for the trial court’s conclusion that Skains was on his proper side of the highway.
The trial court also concluded that Skains acted reasonably under the circumstances, and that his failure to react sooner than he did was not negligence on his part because he reasonably believed the oncoming driver would resume his proper lane. In this regard, we note Skains’ testimony that it is generally unwise to apply brakes full force on a truck such as he was driving, because of the weight of the vehicle, and that he would not do so save in a case of extreme emergency.
Reviewing courts must give great weight to the conclusions of the trier of fact. Where there is conflicting testimony, reasonable evaluations of witness credibility and reasonable conclusions of the trier of fact based thereon, should not be disturbed, even though an appellate court feels its own, but different, evaluations and conclusions are as reasonable. Where there is evidence of record, which upon reasonable evaluation of credibility and physical facts, furnishes a reasonable basis for the trial court’s findings, such a finding should' not be disturbed on appeal save in a case of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973).
Not only do we find no error in the trial court’s conclusions, we concur therein.
The judgment is affirmed, Appellant to pay all costs of these proceedings.
AFFIRMED.